HERMAN KOPPER AND JOSEPH KLEIN, PARTNERS TRADING AS KOPPER & KLEIN, RESPONDENTS, v. JOHN F. BERNHARDT, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"This action for damages grew out of a rear-end collision between an automobile truck of the defendant and a horse and wagon of the plaintiff.

"The District Court sitting without a jury gave judgment for the plaintiff, from which the defendant appealed. The questions argued by the appellant were raised in the court below by motions or requests to find.

"The first contention is that the driver of appellee's team was negligent in not having such a light as is required by the statute. The judgment rendered by the court was in legal effect a finding against this contention, and there was testimony to support such a finding.

"The next contention is that the defendant was not negligent. There was a clear conflict of testimony upon this question, and the decision by the court below is therefore not subject to review. The same observation applies to the contention that the damages were excessive.

"The last contention is that the court did not make a specific finding as to each request presented by the appellant. The judgment was the court's answer, and the benefit that arises from the making of the request is the right it gives to review the court's action upon points that are subject to review upon appeal.

"Finding no error as to any matter of law, the judgment of the Perth Amboy District Court is affirmed."

For the appellant, *Theodore Strong*.

For the respondents, *Thomas Brown*.

PER CURIAM.

This case comes before this court on appeal from the Supreme Court where it was decided on an appeal from the District Court of the city of Perth Amboy. We have reached the conclusion that the judgment under review should be affirmed, and we are satisfied with the opinion of the Supreme Court, except in one particular. It is this: The Supreme Court observed that it was contended that the driver of respondents' team was negligent in not having such a light as is required by the statute, and remarked that the judgment rendered by the District Court was in legal effect a finding against this contention that there was testimony to support such a finding. With this we agree, but, lest the Supreme Court's deliverance should be understood as requiring that it was necessary under the law, that respondent, in order to entitle him to recover, should carry a light on his wagon, we desire to point out that that is not, in and of itself, dispositive of the question. In *Decou* v. *Dexheimer*, *73 Atl. Rep.* 49, it was held that the driver of an automobile on a road sufficiently lighted to see for one hundred and fifty feet was not justified in running down a wagon driven in the same direction, merely because the wagon failed to carry lights, even if compelled to do so. It is true that by act of April 20th, 1909 (*Comp. Stat.*, *p.* 4470, § 92a), horse-driven vehicles are required to carry one lamp, showing a light visible for at least two hundred and fifty feet in both directions, during certain hours, under a penalty to be forfeited and paid for the use of the township; but this does not entitle the driver of an automobile who runs down a lightless wagon to immunity from damages occasioned thereby. It is not a controlling factor, but only a circumstance to be considered on the question whether or not the wagon driver was guilty of contributory negligence.

This court said, in *Ireson* v. *Cunningham*, 90 *N. J. L.* 690, that although plaintiff was driving without a light on his wagon in violation of the statute, that fact did not operate to prevent his recovery, if the defendant could see him, and, if he could, the unlawful act of the plaintiff in no way contributed to the accident.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.