ISLAND EXPRESS, INC., a corporation of the State of Maryland, defendant below, plaintiff in error, *v.* GEORGE P. FREDERICK, plaintiff below, defendant in error.

ISLAND EXPRESS, INC., a corporation of the State of Maryland, defendant below, plaintiff in error, *v.* EDITH R. FREDERICK, plaintiff below, defendant in error.

(*January* 16, 1934.)

WOLCOTT, Ch., LAYTON, C. J., HARRINGTON, RICHARDS and REINHARDT, J. J., sitting.

*Henry R. Isaacs* for defendant below, plaintiff in error.

*Marvel, Morford, Ward* and *Logan* for plaintiffs below, defendants in error.

Supreme Court, Nos. 3 and 4, October Term, 1933.

Writs of Error to the Superior Court for New Castle County, Nos. 26 and 31, September Term, 1932.

LAYTON, C. J., delivering the opinion of the Court:

For convenience the designation of the parties below will be maintained.

Two separate actions, based on negligence of the defandant company were brought in the Court below, one by George P. Frederick to recover damages for injuries to his automobile and for medical expenses incurred by reason of injuries sustained by Edith R. Frederick, his wife. The other, by Edith R. Frederick, to recover damages for personal injuries, resulting from a collision between the automobile of Frederick and a motor truck of the defendant.

As a matter of convenience, the cases were tried together. Verdicts for the plaintiffs were found and writs of error sued out.

It was in evidence that, on September 9, 1931, about 7:00 o'clock P. M., according to the plaintiffs, but about 6:30 o'clock P. M. from the defendant's evidence, George P. Frederick was driving his Ford Sedan in a northerly direction on the du Pont Boulevard in New Castle County near Hare's Corner. In the automobile were his brother, sitting on the front seat, and his wife, sitting on the right side of the rear seat.

The plaintiffs offered evidence tending to show that George P. Frederick was driving at a rate of thirty miles per hour with his lights on and in good condition; that he first saw the truck with which he collided at a distance of from ten to twenty-five feet, the plaintiff, George P. Frederick, in testifying, making several estimations of distance; that by reason of the darkness and prevailing conditions he was unable to see the truck in time to avoid a collision.

It was admitted that the truck of the defendant, of three tons capacity and carrying a load of that weight, was standing without lights in the easternmost traffic lane of the boulevard.

The defendant introduced evidence that the truck, proceeding in a northerly direction, had stopped near the inter-

section of the boulevard and the Basin Road leading to Newport because the traffic light at the intersection was set against it; that upon the changing of the light from red to green the truck could not be started from the fact, as was afterwards discovered, that the positive cable running from the battery to the starting mechanism had grounded and burned making it impossible to start and move the truck under its own power, and depriving it of all lights; that at the time of the collision there were three open traffic lanes to the left of the truck. This evidence was not controverted. The defendant's evidence also tended to show that the collision occurred within a short time, about two minutes, after the discovery that the truck was disabled, and that by reason of the weight of the truck and its load, the grade of the roadway, and the presence at the point of a curbing, it was impossible, in the short space of time, to remove the truck from the main-traveled portion of the highway. It was also in evidence on the defendant's behalf that, at the time of the collision, it was not dark, and that on approaching Hare's Corner going north the truck was plainly visible at a distance of one-half mile; that when the noise or "squealing" of the brakes of the Frederick car was first heard, it was from twenty-five to thirty yards distant from the truck; and that tire marks on the roadway, resulting from the sliding of the wheels after application of brakes extended from the point of collision a distance of twenty-five strides.

The defendant, *inter alia*, prayed (1) that the jury be instructed to return a verdict for the defendant in each case; (2) that the following instructions, or the substance thereof, be given the jury:

"The plaintiffs contend that the defendant at the time of the accident had stopped its motor vehicle on the paved portion of the public highway known as the du Pont Boulevard, in violation of the statutes of this State. If it has, then we say to you that such violation would constitute negligence on the part of the defendant, and it would be liable in this action, if such negligence was the cause of an accident and the plaintiffs' own negligence did not contribute

thereto. The defendant contends that it violated no statute, but that if there was a violation of the statute, whether, as alleged by the plaintiffs, no red light projected from the rear of the truck, or because a lookout was not maintained, nevertheless such violation did not cause the accident because there was sufficient daylight to enable the plaintiffs to see the truck standing in the road. It is for you to say whether there has been a violation of any statute, and, if so, whether such violation did cause the accident.

"But, if George P. Frederick could, by the exercise of due care and caution on his part, have avoided the accident it was his duty to do so, and his failure so to do would prevent both him and his wife, Edith R. Frederick, from recovering in these actions no matter if the truck of the defendant company had been left on the paved portion of the highway aforesaid, in violation of the statutes, and no lookout was kept or maintained by the defendant. The law does not permit any one to recover damages from another for injury, if his own negligence has contributed thereto, or where, by the exercise of reasonable care, he could have avoided it, no matter how great the negligence of such other person may have been. This is what is generally known as the 'Last Clear Chance Rule,' and if the jury believe that the plaintiff, George P. Frederick, had a clear chance, by the exercise of reasonable care, to avoid the accident, and failed to make use of this chance, then such neglect on his part would constitute the proximate cause of the accident and the defendant company would be free from liability in both cases and there could be no recovery in either of these suits."

The request for binding instructions was refused, and the Court declined to charge as requested by the defendant in its ninth prayer, but instead charged as follows:

"If you should find from the evidence that the accident was caused by the negligence of George P. Frederick, the operator of the Frederick car, or that George P. Frederick was guilty of negligence entering into and contributing thereto, at the time thereof, then George P. Frederick would not be entitled to any recovery. When there is mutual negligence on the part of a plaintiff and of the defendant, the negligence of both existing at the time of the accident, then there can be no recovery for resulting injuries because the law will not attempt to apportion or measure that degree of negligence which may be attributable to either party."

The Court also charged:

"If you should find from the evidence that neither the employee of the defendant in charge of the truck nor the operator of the Frederick car was guilty of any negligence causing the accident under consideration, then the accident is what is termed in law an unavoidable accident, and under such a finding the plaintiffs would not be entitled to recovery."

"If you should find from the evidence that the defendant was not guilty of any negligence as charged by the plaintiffs, or that the accident was an unavoidable one, then your verdict should be in favor of the defendant.

"And, even if you should find that the defendant was guilty of some negligence, yet if the negligence of George P. Frederick entered into and contributed thereto, then in the action brought by George P. Frederick, your verdict must still be for the defendant.

"And, if you should find that the defendant was guilty of some negligence, yet if the negligence of Edith R. Frederick entered into and contributed thereto, then in the action brought by Edith R. Frederick, your verdict must still be for the defendant."

A motion for a new trial was made, which, after argument, was refused.

The plaintiff in error relies upon the second assignment of error, which is:

"That the Court erred in refusing the request of the defendant below to instruct the jury as requested in the substitute for formal prayer No. 9, which in substance was a request that if the jury believed that George P. Frederick had a last clear chance, by the exercise of reasonable care, to avoid the accident and failed to make use of this chance, then such neglect on his part would constitute the proximate cause of the accident and the defendant company would be free from liability in both cases."

The substance of the requested charge is concerned both with contributory negligence and with proximate cause, and will be considered first with respect to the case of George P. Frederick.

■■ It is the duty of trial Courts to submit all the issues, both the cause of action and the defense, affirmatively to the jury, and with such application of the law to the evidence as will enable the jury intelligently to perform its duty. A proper, applicable prayer ought not to be ignored and disregarded.

The defendant contested the action on the ground of contributory negligence on the part of the plaintiff, George P. Frederick. In this case, regardless of whether the acts of negligence of the parties, as respectively claimed, were concurrent or successive, and entirely apart from the question whether negligence of the plaintiff was a proximate cause or the proximate or sole cause, it was the defendant's right to have explained to the jury with reasonable clarity, what is meant in law by contributory negligence and, as

the evidence warranted, in what manner the jury would be justified in finding the existence of contributory negligence.

■ Substantially, the defendant asked that the jury be told that, if they should find negligence on the part of the defendant, nevertheless, if the plaintiff saw or by the exercise of reasonable care could have seen the truck in time to avoid the collision, the failure so to do would constitute contributory negligence which would preclude recovery on his part.

The Court declined to give the instruction prayed for either in words or in substance. The instruction it did give was a statement of the abstract rule of law, accurate so far as it went, but it was not sufficient in view of the defendant's prayer. The defendant was entitled to more. The jury should have been told, contributory negligence having been defined, that notwithstanding the negligence of the defendant, if the plaintiff, George P. Frederick, saw, or in the exercise of reasonable caution, could have seen the truck in time to avert the collision, it became his duty to avoid it, and failing in that duty, he could not recover. It was not necessary to elaborate upon proximate or remote cause. But, we think it was not sufficient to leave to the jury the mere suggestion of contributory negligence in the abstract with no adaptation of the rule to the facts. The jury was given a legal conclusion with no explanation from a factual standpoint of the means of reaching a conclusion.

The plaintiff had the benefit of a detailed instruction as to what would constitute negligence on the part of the defendant. Negligence and negligence *per se* were fully explained. The statutes upon which defendant's negligence was predicated were quoted at length. The jury was told that drivers of motor vehicles on public highways might rightfully assume that other travellers would exercise care and caution and not negligently expose themselves to dan-

ger, but the jury was not told in language easily to be understood that the plaintiff's failure to see what by the exercise of ordinary care he could have seen was a circumstance to be considered by them in determining whether the plaintiff had been guilty of negligence contributing to the accident in such degree as to preclude recovery on his part.

If it be said that at one point in the charge to the jury the defendant's contention was stated, which, with the instruction given, made the charge sufficiently clear and explanatory, it may be replied that a statement of the contention of a party not followed by an exemplification of the law with respect to the contention in a manner clearly understandable may well give rise to an inference, or conclusion perhaps, in the mind of the jury that the contention had no basis in law.

As a matter of terminology and for convenience of statement, the word, "negligence," is habitually used in referring to a defendant, and, the words, "contributory negligence" with reference to a plaintiff. But negligence is negligence by whomever committed. What would be negligence if committed by a defendant would likewise be negligence if committed by a plaintiff, and in instructing the jury care should be used to define contributory negligence and to explain the term as applied to the evidentiary facts. A charge simply that if the plaintiff was guilty of contributory negligence he could not recover, in despite of a request for a proper charge defining the phrase in the light of the facts, is as objectionable as a charge that the defendant should be held liable, if he was negligent in the face of a requested charge defining negligence in the light of the facts.

It has been said that *Butterfield & Forrester*, 11 *East.* 60, is the first case in which the doctrine of contributory negligence was clearly enunciated. That case presents a marked similarity to the present one. The defendant negligently placed an obstruction in the roadway. At dusk, but

it being light enough to see the object at a distance of one hundred yards, the plaintiff violently rode his horse against the obstruction and was injured. The jury was directed,

"That if a person riding with reasonable and ordinary care could have seen and avoided the obstruction, and if they were satisfied that the plaintiff was riding  *  *  *  extremely hard, and without ordinary care, they should find a verdict for the defendant."

Lord Ellenborough said,

"A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right. *  *  *  One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action, an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

See *Inland & Sea-Board Coasting Co. v. Tolson*, 139 *U. S.* 551, 11 *S. Ct.* 653, 35 *L. Ed.* 270.

An examination of many instructions to juries given in cases where contributory negligence was offered as a defense, shows that our Courts have been uniformly careful to define the abstract rule in connection with the concrete facts, in order to make clear the issue to the jury.

The requested instruction asked that the doctrine known as "last clear chance" be applied to the case from the defendant's standpoint and the law explained with reference to its contention. We think the Court erred in not giving at least the substance of the requested charge. Names and phrases amount to nothing. Whether the phrase, "last clear chance," is appropriately applicable to the situation is of no moment. Concede that the phrase was coined to tag the principle announced in a case where the plaintiff's negligence was anterior to the defendant's, and the latter had the opportunity to avoid, but did not avoid, the peril occasioned by the plaintiff's act, as in *Davies v. Mann*, 10 *M. & W.* 548, and that the phrase should not be applied where, as here, the plaintiff's negligence is subsequent in point of time to the defendant's, what possible difference can it make from the standpoint of justice and

correct result? After all, the set of facts and circumstances which determine the applicability of the doctrine, are simply those which point to and discover proximate cause. As between two negligent persons, it may be apparent that both are negligent to such degree that each of their negligent acts is a proximate, or an effective legal cause. It may be seen that the act of one is the proximate or effective legal cause, while the act of the other, while a negligent act, would never have caused the injury, unless subsequently supplemented by the negligence of the one. If the author of the proximate cause is the defendant, all agree that "last clear chance" or "discovered peril" are phrases convenient and appropriate to apply in the discovery of proximate cause and the fixation of liability arising from the act of that person who is the real author of the mischief; and the same fundamental conceptions which lie in the doctrine of proximate cause, call the set of facts and circumstances what you will, come to the rescue from liability of a defendant who finds himself sued for negligence by one who himself was the real author of the damage in not avoiding the existing negligence of the defendant, although he could have, by the exercise of ordinary care, rendered abortive such prior negligence.

It is sometimes said that the doctrine of "last clear chance" does not aid the defendant when sued for the injury. We do not agree. As we have said it matters not what name is given to a set of facts and circumstances. Wherever it is apparent that the negligences of the parties are successive, separated by an appreciable interval of time, and that the injury was caused proximately by the negligence of one of the parties while the negligence of the other was only remotely connected with the harm, the responsibility lies on that party whose negligence was the decisive or immediate cause of the injury. Apply another test. Conceding the evidence of the defendant here, suppose the defendant had sued George P. Frederick for some damage

done to its truck. The act of Frederick in failing to avoid the collision, although it was visible from a long distance, would justify the designation of negligence, because, in such case, he saw, or, in the exercise of ordinary care, he should have seen the truck in time to avert the collision. In that event the negligence of Frederick would be the proximate cause, the negligence of the plaintiff a remote cause. The fact that the truck company was negligent would constitute no barring circumstances.

We reverse the case and Frederick sues. The essential nature of the respective acts of the parties is not changed. Frederick's act is still the proximate cause. The truck company's act is the remote cause. It cannot reasonably be held that simply because the parties are transformed, the fact of responsibility has undergone a change. If, in the one case, the truck company suing, the law is that negligence on the part of the truck company is not such as to defeat its right of recovery against Frederick, in the other case, Frederick suing, the same negligence cannot be such as to make it liable.

*Ireson v. Cunningham,* 90 *N. J. Law* 690, 101 *A.* 49, is a case where a driver of a horse drawn vehicle, in violation of a statute requiring lights, was run into by an automobile. The evidence was that the vehicle was visible at a distance of several hundred feet. The driver of the vehicle was the plaintiff. The highest New Jersey Court held that although the plaintiff was driving without lights in violation of the statute, that fact did not operate to prevent recovery, if the defendant could see him, and if he could, the unlawful act of the plaintiff in no way contributed to the accident.

*Kopper v. Bernhardt,* 91 *N. J. Law* 697, 103 *A.* 186, 106 *A.* 893, is a case precisely similar except the wagon was visible at a distance of one hundred and fifty feet.

*Cummins v. Spruance,* 4 *Harr.* 315, was this. The plaintiff's schooner was lying aground in Duck Creek, and,

according to the defendant, constituting an obstruction negligently caused. The schooner was run into by the defendant's vessel and damaged. The Court in permitting a recovery, said,

"In cases of injuries of this kind, the fault of the plaintiff, in order to prevent his recovery, and to excuse the defendant, must be such as directly tended or contributed to produce the injury. If plaintiff's negligence, want of due care and skill, or his misconduct, is the immediate cause of the disaster, he must bear his own loss. * * *

"Although the situation of the plaintiff's schooner might have exposed her to injury, yet if she was lying in such a position, that a person of ordinary nautical skill, using due care and diligence, could have avoided her, the master of the defendants' vessel is without excuse for running against her; and the defendants are responsible."

It is inconceivable that if, in these cases, the parties had been reversed, the same principle of proximate cause would not have been applied by the Courts.

The doctrine of "last clear chance" is a special application of the doctrine of proximate cause. It can make no difference, except from the standpoint of precise historical appropriation of legal terminology, whether it is applied in favor of a plaintiff to allow a recovery, or in favor of a defendant, to defeat a recovery. The doctrine, whether it be given the particular designation of "last clear chance," of "discovered peril" or simply "proximate cause," should be applied where the negligence of the plaintiff is subsequent to that of the defendant, and the facts and circumstances of the plaintiff's negligence are such that the negligence of the defendant is so insulated, or detached from the real cause of the damage as to be what is a remote cause, while the negligence of the plaintiff is the supervening active cause.

We cannot agree with the annunciation of a doctrine which rules that, where there are two successive negligences, separated by an interval of time, causing injury and damage to each of the parties, that party only may invoke the rule who is the first to docket his suit. The race is not to the swift. 7 *A. & E. Enc. L.* 387; *Street's Founda-*

*tions of Legal Liability, Vol.* 1, *page* 136; 2 *Quarterly Law Review* 507; *Vizacchero v. Rhode Island Co.*, 26 *R. I.* 392, 59 *A.* 105, 69 *L. R. A.* 188; *McNamara v. Rainey Luggage Corporation,* 130 *Va.* 197, 123 *S. E.* 515.

The judgment in favor of George P. Frederick must be reversed.

■■ The case of Edith R. Frederick presents more difficulty. She was a passenger in the car driven by her husband. Mere contributory negligence on the part of the driver of the car is not imputable to her and is not a bar to a recovery on her part. On the other hand, if the negligence of the driver, considering all the facts and circumstances, is of such character as to be the proximate cause, the effective legal cause of the injury, she would have no right of action against the defendant.

The propriety of the requested charge must depend upon a determination whether the respective acts of negligence, as claimed, were concurrent, or successive. If concurrent, that is, if each negligence was a proximate cause, there is no room for the application of the rule of proximate cause in the sense of sole cause; and in such case, while George P. Frederick would be denied recovery, Edith R. Frederick would not be barred unless she herself was chargeable with contributory negligence.

On the other hand, if the negligences were not concurrent, or mutual, but one succeeded the other by an appreciable interval of time, then a question of proximate cause, meaning effective legal cause in the sense of sole cause, arises for consideration and determination by the jury, under proper instructions, possibly to the exoneration of the defendant from all liability for injury; this, on the theory that it might be found that the negligence of George P. Frederick so supervened as to isolate or detach the negligence of the defendant and render it inoperative as an efficient legal cause of the damage.

If the facts were not in dispute as to visibility at the time of the collision, the distance at which the truck could be seen from the direction in which the Frederick car was moving, the distance of the Frederick car at the time its brakes were first applied, the situation of the highway and other prevailing conditions, there might be little difficulty in concluding that the negligences were actually mutual and concurrent, leaving no question of proximate cause for consideration by the jury. The facts are, however, in dispute.

The legal principles, embraced in the phrase "proximate cause" applicable to the situation as disclosed by the defendant's testimony, are well settled. While it is difficult, almost impossible, to define "proximate cause," the question "is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent." 1 *Street, Foundations Legal Liability,* 110.

"Ordinarily, that condition is usually termed the cause whose share in the matter is the most conspicuous, and is the most immediately preceding and proximate to the event." *Moulton v. Inhabitants of Sanford,* 51 *Me.* 134; 1 *Thompson, Neg.,* § 43.

Remote cause "means that which may have happened and yet no injury have occurred, notwithstanding that no injury could have occurred if it had not happened." *Baltimore & O. R. Co. v. State,* 33 *Md.* 542; *Troy v. Cape Fear & Y. V. R. Co.,* 99 *N. C.* 298, 6 *S. E.* 77, 6 *Am. St. Rep.* 521.

Usually the question of proximate cause is for the jury. 45 *C. J.* 1316, 1322.

Negligence cannot furnish the foundation for an action for damages unless it was the proximate cause of the injury suffered by the plaintiff, the maxim of law being *causa proxima, non remota, spectatur.* 1 *Thompson, Neg.,* § 44.

"If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote." 1 *Cooley, Torts* (*3d Ed.*) 99.

"Where the negligence of one consists in a condition merely which is rendered injurious by the subsequent negligence of a third person, the acts of the two persons are not concurrent." 45 *C. J.* 925.

"A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion." 45 *C. J.* 931.

"Where the intervening agency was of such nature that it could not reasonably have been anticipated, such agency becomes the proximate cause even though the injury would not have occurred except for the original negligence." 45 *C. J.* 935; 22 *R. C. L.* 132.

■ It must be conceded that the defendant was entitled to present its case upon its theory if supported by adequate evidence, and that theory was, admitting some negligence on its part, its negligence was remote in character and was not the effective legal, or proximate cause, of the injury. In other words, while the negligence of the defendant was *causa*, it was not *causa causans*. Testing this theory in the light of the defendant's evidence, we are confronted with this situation: The one undisputed fact is that the truck was standing without lights on the main-travelled portion of the highway; but in direct contradiction to the evidence of the plaintiff with respect to visibility, the defendant's evidence was that the truck was plainly visible a distance of one-half mile in approaching Hare's Corner from the south; and further, the noise, or "squeal" of the brakes of the Frederick car was first heard when it was twenty-five to thirty yards from the truck with three open traffic lanes to the left, and that the tire marks, produced by the sliding of the wheels after application of the brakes, extended from where the Frederick car stopped a distance of twenty-five strides.

In the light of this evidence, the respective negligences,

as claimed, may properly be perceivable as successive and not as concurrent. From this standpoint the first negligence was the presence of the truck on the roadway without lights. The second negligence was the failure of George P. Frederick to avoid collision with the truck although it was plainly visible at a distance of one-half a mile. If this were true, and it was the right of the defendant to have its theory of defense with a proper exposition of the law to the facts presented to the jury, then the presence of the truck created only a dangerous condition, unrelated to and detached from the negligence of Frederick, and it could not have been reasonably anticipated that Frederick would so operate his car as to collide with a large object in the roadway plainly visible from such distance.

As between the defendant and Edith R. Frederick, the testimony called for instructions upon proximate cause, not in the limited sense of a proximate cause, but in the full and real sense of the meaning of proximate cause as denoting sole cause.

For, if the negligence of the two parties were successive, and the negligence of George P. Frederick constituted a supervening cause which had the effect of turning aside the negligence of the defendant, or, insulating it, so to speak, it follows that Frederick's negligence was the proximate, or sole, or the effective legal cause of the injury and damage, and the defendant would be entitled to exoneration and discharge from the claim of liability of both plaintiffs.

*Miller, Adm'r, v. Union Pacific R. Co.*, 54 *S. Ct.* 172, 174, 78 *L. Ed.* —, recently decided, illustrates this situation although in that case the respective negligences of the parties were held to be mutual and concurrent, and the wife of the driver of the automobile, a passenger, was held not to be deprived of her remedy, as the negligence of her husband

was not imputable to her. In this case the Court speaking through Mr. Justice Sutherland said:

"But the argument is advanced that, even though the railroad company be guilty of negligence and the wife be absolved from the charge of contributory negligence, nevertheless the railroad company is not liable, because, under the circumstances here disclosed, the proximate cause of the wife's death was not its negligence, but the negligence of the husband in driving upon the track in the face of the approaching train. The validity of this contention depends altogether upon whether the negligence of the husband constituted an intervening cause which had the effect of turning aside the course of events set in motion by the company, and in and of itself producing the actionable result. The evidence here does not present that situation. Instead of a remote cause and a separate intervening, self-sufficient, proximate cause, we have here concurrent acts, co-operating to produce the result."

The requested instruction asked for an exposition and adaptation of the doctrine of proximate cause. The evidentiary facts of the defendant's case justified the prayer, at least in substance. The defendant was entitled to have its precise defense considered by the jury under proper guidance of the Court. Proximate cause, and its antithesis, remote cause, were not discussed or explained at all.

We have carefully considered the charge in its entirety, and we are of the opinion that it was insufficient, indefinite and likely to be misunderstood. The jury may have inferred that Edith R. Frederick was entitled to a verdict, regardless of the acts or omissions of George P. Frederick, if she herself were not guilty of contributory negligence.

This judgment must also be reversed.

Both judgments are reversed and remanded.