WALLIS *v.* COX.

1. Automobiles—Negligence of Host Imputed to Passenger.
    A plaintiff who was a passenger in one car would be unable to recover from a negligent motorist if plaintiff's host were guilty of contributory negligence, since the host's negligence would be imputed to plaintiff.

2. Same—Parallel Parking—Backing of Car Into Line of Traffic.
    Whether defendant was guilty of negligence in backing his car while maneuvering to get it free from parallel parking space *held*, question of fact for jury in action by passenger of car in line of traffic with which it collided, where defendant admitted he gave no warning signal before backing up his car.

3. Same—Parallel Parking—Statutes—Signals—Instructions—Negligence.
    Instruction that noncompliance with provisions of statute, requiring driver before starting, stopping or turning from a direct line, first to see that it could be made in safety and give a signal to driver approaching from the rear, by defendant who was maneuvering to free his car from parallel parking space at curb was negligence, as a matter of law, but that such negligence would not authorize recovery by plaintiff unless it was the proximate cause of the collision and without contributory negligence on part of plaintiff's driver *held*, proper (1 Comp. Laws 1929, § 4711).

4. Same—Backing Up—Negligence—Signals.
    Whether it is actionable negligence to back a car without a signal to other users of the street depends upon whether there are other users to be warned (1 Comp. Laws 1929, § 4711).

5. Same—Questions of Fact—Backing Up—Signals—Speed—Evidence.
    Questions as to whether or not defendant was negligent in backing his car into line of traffic without giving a signal as he was

maneuvering his car to extricate it from parallel parking space and whether plaintiff's host was traveling too close to the parked cars and, therefore, unable to meet the situation as he should and as to whether he was driving too fast *held,* properly left as questions of fact to jury and its verdict for plaintiff sustained by evidence (1 Comp. Laws 1929, § 4711).

Appeal from Berrien; Evans (Fremont), J. Submitted June 9, 1938. (Docket No. 51, Calendar No. 40,102.) Decided October 5, 1938.

Case by May A. Wallis against David W. Cox for damages for personal injuries sustained in an automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Thomas N. Robinson,* for plaintiff.

*Gore, Harvey & Fisher,* for defendant.

WIEST, C. J. Plaintiff was a guest passenger in the automobile of Charles Waterman; there was a collision of that car with the car of defendant Cox and she was injured. Claiming that the proximate cause of the collision was the negligence of defendant in backing his car without warning into the pathway of the car in which she was riding, she brought this suit and, upon trial by jury, had verdict and judgment for $1,362.10.

Defendant, by appeal, contends that he was free from negligence and the collision was occasioned by the negligence of Waterman.

If defendant was guilty of negligence and Waterman of contributory negligence, occasioning the accident, then plaintiff, under the doctrine of imputed negligence, can have no recovery.

Defendant, at 2 o'clock in the afternoon of August 22, 1936, parked his car parallel with the curb,

between two other cars on Niles street in the city of St. Joseph, and, in maneuvering to get his car free, backed into the pathway of the Waterman car and the collision followed.

Defendant claims that, before he attempted to move his car, he looked, had a view for considerable distance and saw no car coming and admitted that he made no further observation and gave no warning signal because he felt the way was clear.

Plaintiff claims that defendant backed his car suddenly and without any warning into the pathway of the car in which she was riding.

Whether defendant was guilty of the negligence charged was a question of fact for the jury.

Defendant complains of the instruction to the jury that it was negligence, as a matter of law, for him to back his car into the pathway of other traffic without giving a signal as required by statute, 1 Comp. Laws 1929, § 4711 (Stat. Ann. § 9.1579), requiring the driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, first to see that such movement can be made in safety and give a signal by means of the hand, or arm, or by a mechanical or electrical device which conveys an intelligible signal or warning to another driver approaching from the rear.

The court instructed the jury that noncompliance with the provisions of that statute was negligence, as a matter of law, but did not stop there and leave the instruction abstract, but proceeded with the instruction that such negligence would not authorize recovery by plaintiff unless it was the proximate cause of the collision and without contributory negligence on the part of plaintiff's driver.

Whether it is actionable negligence to back a car without a signal to other users of the street depends upon whether there are other users to be warned.

Defendant also contends that the movement of his car was slow, of necessity, because of the confined space he had within which to operate, his movements were open to the view of plaintiff's driver and should have been noticed and heeded. He also claims that plaintiff's driver was traveling too close to the parked cars and, therefore, unable to meet the situation as he should.

Plaintiff's driver was on his right side of the street and headed in the same direction as the parked cars at the curb. Plaintiff claims the speed of the car was about 15 or 20 miles per hour and the driver thereof was complying with the statutory requirement of driving near the right side of that part of the pavement.

The court in the instructions to the jury left the mentioned claims to the jury as questions of fact and the verdict verifies the claims of plaintiff.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.