WILLIAM THOMAS JAMES v. ARTHUR KRAUSE.

(*June* 30, 1950.)

TERRY, J., sitting.

*Howard Bramhall* for plaintiff.

*James M. Tunnell, Jr.,* of Tunnell and Tunnell, for defendant.

Superior Court for Sussex Coounty, No. 237, Civil Action, 1949.

TERRY, J.

This case was heard by me without a jury. The factual circumstances surrounding the accident are not in substantial dispute; rather, it is the contentions based upon the circumstances that give rise to the questions to be determined.

The plaintiff testified in substance that on August 11, 1949 he was operating his 1949 Plymouth automobile in a northerly direction on Clark Street; that Clark Street is paved, has surfaced shoulders on the east and west sides thereof extending to the respective curbs; that he had proceeded north on said street to a point opposite the residence of one O'Neal when he heard O'Neal who was sitting on his front porch call to him, whereupon he slowed his automobile and brought it to a stop near the curb on the east

side of said street at a point approximately one hundred feet north of the O'Neal residence. He then turned around in his seat, looked back down the street through the rear window of his automobile, and not seeing any pedestrians or traffic travelling in his direction turned back and, looking into his rear view mirror as means of observation, commenced to back his automobile in a southerly direction down said street and along the curb thereof to a point opposite the residence of O'Neal; that after he had backed a distance of approximately fifty feet the right rear of his automobile was run into and struck by the left rear of a truck, which at the time was being backed by the defendant onto and upon Clark Street from a driveway on the east side thereof.

The defendant testified in substance that he was standing near the cab of his truck, which at the time was parked in a driveway a few feet from the east curb of Clark Street; that he saw the plaintiff pass the driveway going in a northerly direction; that immediately before entering the cab to back his truck out upon Clark Street he looked only to the south, the direction from which traffic travelling north on said street would proceed; that not expecting the plaintiff to stop his automobile and commence a backing operation, and not seeing any traffic travelling north as indicated, he commenced to back his truck out upon said street; that after entering the street, a distance of approximately three feet, the left rear end of his truck was run into and struck by the right rear end of the plaintiff's automobile, which at the time was being backed by the plaintiff.

It is conceded by both parties that the area immediately surrounding the scene of the collision was open to the clear view of each, but that neither party saw the vehicle of the other until after the impact had taken place. It is further conceded that neither party sounded his horn or gave any signal whatsoever indicating his course of operation.

Predicated upon the foregoing circumstances the respective

parties charge each other with the same violations of duty which they contend resulted in a negligent course of operation, and, as such was the proximate cause of the collision. The violations are:

1. Not keeping a proper lookout.

2. Not sounding his horn or giving other audible or adequate warning of his backing operation.

3. Last clear chance of avoiding the collision.

The plaintiff contends that by reason of the alleged negligence of the defendant judgment should be rendered in his favor in the amount of $200, which represents the damages to his automobile, arrived at by deducting the fair market value of said automobile immediately after the accident from its fair market value immediately prior thereto.

Preliminary to a discussion relating to the cross-contentions of the parties I think an understanding should be had concerning the law pertaining to the backing of a motor vehicle upon a public street or highway, or from a side street or driveway, onto and upon a public street or highway.

The Legislature of this State, after reflected study, has enacted what may be said to be a sound workable Motor Vehicle Act —Code of 1935, Chapter 165, as amended. In this Act will be found many specified rules of conduct indicating the mode of operation of a motor vehicle, but the Act is completely silent insofar as any suggestion of duty concerning the backing of the same; likewise, our decisional law does not include a case indicating an operator's duty in this respect.

Exclusive of statutory provisions I find no prohibition regarding the backing of a motor vehicle. To do so does not amount to negligence. I do find, however, certain reasonable safeguards to exist which constitute well recognized duties in the conduct of such an operation. A driver must exercise ordinary care

in backing his vehicle in order not to injure others or damage their property. His course at all times must be that of a reasonably prudent person operating under like circumstances. *Huddy's Cyc. of Automobile Law, Vols.* 3-4, § 133; *Neyrey v. Maillet, La.App.,* 21 *So.2d* 158; 2 *Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed.,* § 1101. See also 67 *A.L.R.* 647; 118 *A.L.R.* 242. His range of vision should be unobstructed. If restricted, he should sound his horn or give other adequate warning of his intended course of operation. 60 *Corpus Juris Secundum, Motor Vehicles.* § 302; *Wallis v. Cox,* 286 *Mich.* 76, 281 *N. W.* 543; *Halley v. Brown,* 92 *N.H.* 1, 24 *A.2d* 267; *Armstrong v. McGraw,* 115 *Pa.Super.* 156, 175 *A.* 279; *Vicaro v. New Amsterdam Casualty Co., La.App.,* 160 *So.* 177.

I shall first discuss the cross-charges: (1) not keeping a proper lookout, and (2) not giving an adequate warning of a backing operation.

█ Proper lookout, insofar as it relates to the operation of a motor vehicle, means precisely what the words imply; that is, an operator of a motor vehicle upon a public street or highway or about to enter the same shall constantly maintain a proper lookout for the presence of other vehicles and persons lawfully thereon. The duty to look implies the duty to see that which is in plain view, unless some reasonable explanation is offered. It is negligent not to see what is plainly visible where there is nothing to obscure the vision of the driver, for he is not only required to look, but he is required to exercise his sense of sight in such a careful and intelligent manner as will enable him to see things which a person in the exercise of ordinary care and caution would see under like circumstances.

█ The sounding of one's horn or the giving of other adequate warning of his intended course of operation must of necessity depend entirely upon the circumstances then present. If prior to the backing of one's automobile he looks to the rear, has

an unobstructed vision, and in the exercise of proper lookout sees no pedestrians or other vehicles in his area of intended operation and thus maintains a constant lookout during the course of his operation, no need exists for the blowing of his horn or the giving of other adequate signals. Such a duty becomes operative only when the conditions then present are found to be inconsistent with a reasonable and careful operation, such as a restricted vision wherein a proper lookout as indicated could not be originally had or constantly maintained during the course of operation, or when he sees persons or vehicles in the area of his intended operation.

It is clearly evident from the circumstances that, if either party had looked before and during his course of operation and had exercised reasonable care in relation thereto, this collision should not have occurred. Insofar as the defendant is concerned, his admissions that he did not look north on Clark Street nor sound his horn nor give any adequate warning of his intention to back out upon said street is clearly indicative of a course of conduct evidencing negligence, which in the present case must be said to have been one of the proximate causes of the collision. As to whether or not such negligence constituted the sole proximate cause, we must turn to the course of operation of the plaintiff and determine whether or not he was guilty of such negligence that contributed to and thus became one of the proximate causes thereof.

No rule of law has been more universally adopted than the declaration that contributory negligence of a plaintiff evidencing a proximate cause is sufficient to defeat a recovery on his part. This is so for the reason that for injuries negligently inflicted on one person by another there can be no recovery of damages for such negligence if the injured person by his own negligence or by the negligence of another legally imputable to him, proximately contributed to the injury.

The negligence of a defendant standing alone is not

sufficient to constitute legal liability, nor is the negligence of a plaintiff standing alone sufficient to deny to him a recovery. In both instances the negligence complained of must be the sole or one of the proximate causes, and by proximate cause I simply mean that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred.

A person engaged in a forward operation of a motor vehicle is charged not only with maintaining a proper lookout insofar as the actual roadbed of the street upon which he is travelling is concerned, but, in addition, he is charged with observing conditions immediately adjacent thereto; such as, sidewalks, intersecting streets and driveways, together with pedestrians and vehicles using the same. Thus, it would seem that a person engaged in a backing operation where he did not have that clarity of vision as would appear in a forward operation in that his vision is restricted to the rear window of his automobile by means of his rear view mirror is charged with additional duty insofar as users of the sidewalks, intersecting streets, driveways and the highway upon which he is operating are concerned, in that he must sound his horn or give to such persons an adequate warning indicating his then course of operation.

It is quite evident that the plaintiff's vision after he commenced his backing operation was limited by his observation through the back window of his automobile by means of his rear view mirror. It is also apparent that he could not have seen the defendant's truck by maintaining such a lookout until it was in front of his rear window. His restricted vision, coupled with the lack of any warning whatsoever on his part indicating his course of operation, constituted negligent conduct which was active at the time of impact and contributed to the collision, thus becoming one of the proximate causes thereof. *Trout v. Bright,* 161 *A.* 354, 10 *N.J.Misc.* 914. Each party has asked me to invoke against the other the rule in relation to the doctrine of the last clear

chance. If the rule be applied under the circumstances of this case, the result would be the same in relation to each party, for the reason that the presence of each ought to have been observed by the other in time to avoid the collision. For definition and application of doctrine of last clear chance see *Island Express v. Frederick*, (1934) 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181.

For the reasons assigned, judgment will be entered for the defendant.