DISABATINO & RANIERE, INC., a corporation of the State of Delaware, and ALFRED R. RANIERE v. JOSEPH ROBERT GILMORE.

324

*(July* 25, 1951.)

CAREY, J., sitting.

*Clement C. Wood* for plaintiffs.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 487, Civil Action, 1950.

Additional facts appear in the Court's opinion.

CAREY, J.:

The sole question for decision is whether, under the facts of this case, defendant was entitled to have the jury determine whether or not Raniere had a last clear chance to avoid the accident. At the time of trial, I thought not, and I am still of the same opinion.

The jury's verdict necessarily constituted a finding either that neither driver was negligent or that both of them were negligent. If neither was negligent, the theory of last clear chance has no application. If both were negligent, the doctrine could be invoked by Gilmore only if the negligences were not concurrent, or mutual, but Raniere's succeeded Gilmore's by an appreciable interval of time so as to isolate the latter's negli-

gence and render it inoperative as an efficient legal cause of the damage. *Island Express v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181.

The testimony concerning the speed and other actions of both drivers was in sharp conflict. One possible version is relied upon by defendant as the basis for his present contention. His counsel assumes negligence on his part in entering Van Buren Street in violation of the City regulations and reasons that he was in a position of peril from which he could not extricate himself, but that Raniere could have avoided the collision. According to his own testimony, at the moment he arrived at the east curb line of Van Buren Street, he saw Raniere for the first time about 62 feet south of the intersection. Gilmore further said that, on entering the intersection, he was going 8 or 10 miles per hour, was decreasing his speed, and had practically stopped at the instant of the collision. Raniere denied seeing Gilmore before the impact. He said that, on passing the last dwelling house on Van Buren Street, he looked first to his right, then to his left, and then ahead just as he was struck. He stated that he was going from 20 to 25 miles per hour. From the point where he first could have possibly seen Gilmore to the point of impact is a distance of about 75 feet. In other words, under this theory of the sequence of events, he travelled about 75 feet while Gilmore was going about 11 feet. It is clear, therefore, that Raniere had at most somewhat over two seconds in which to observe and appreciate the danger and to take appropriate action to avoid the collision. That estimate of time is based upon the assumption that he was travelling no faster than 20 to 25 miles per hour. In point of fact, the undisputed movements of the cars, as well as their physical condition, after the impact strongly tend to show that the speed of one or both drivers was considerably faster than their respective testimony indicates.

The doctrine of last clear chance cannot be applied unless one driver has a clear opportunity to avoid the accident. It has been said that it should be applied only in exceptional

circumstances to a collision between two moving vehicles, for in such event their negligences are usually concurrent rather than successive. *Folger v. Richfield Oil Corp.,* 80 *Cal. App.* 2d 655, 182 *P.* 2d 337. Under the possible assumed facts of the present case, it does not appear that Raniere had a clear opportunity to avoid the collision after the time when he first should have discovered Gilmore's position of danger. The negligences were practically simultaneous. Any interval of time between Gilmore's reaching a place of danger and Raniere's ability to observe and avoid it was too insignificant to warrant submission of the question to the jury. *Tomkins v. Baltimore and Ohio Railroad Co.,* 7 *Terry* 156, 81 *A.* 2d 288; *Schoen v. Western Union Telegraph Co.,* (5 *Cir.*) 135 *F.* 2d 967; *Vaughan v. Oates,* 128 *W. Va.* 554, 37 *S. E.* 2d 479.

It is unnecessary to consider other contentions raised by counsel for the plaintiffs. Defendant's motion will be denied.