In the Matter of the Application of SENGAM, INCORPORATED, a corporation of the State of Delaware, for license by store to sell alcoholic liquor not for consumption on the premises where sold, located at 1730 Marsh Road, Graylyn Shopping Center, New Castle County, Delaware.

Appeal of Julia G. Beeson, *et al.*

(*May* 24, 1960.)

BRAMHALL, J. J., sitting by special appointment of the Chief Justice.

*Edward J. Wilson* for appellant.

*Bayard W. Allmond* (of the firm of Allmond and Wood) for appellee.

Superior Court for New Castle County, No. 1350, C. A., 1959.

BRAMHALL, J.:

This is an appeal from the decision of the Delaware Liquor Commission granting the application of Sengam, Incorporated, a corporation of the State of Delaware, for a license to sell at retail alcoholic liquor not for consumption on the premises at 1730 Marsh Road, Wilmington, New Castle County, Delaware.

The Commission found that the granting of the license would not be a detriment to the public interest and that the granting of the license at the location stated was demanded by public interest and convenience.

Appellants in objecting to the granting of the license say that it is not demanded by public convenience and necessity within the meaning of 4 *Del. C.* § 541, 1953; that the premises in question were in the vicinity of a proposed church building and alleged bias on the part of the Chairman of the Commission.

Appellee, in an effort to sustain the findings of the Commission, alleged that the evidence fully substantiated the finding of the Commission; that the granting of the license would not be a detriment to the public and is demanded by public interest and convenience.

On behalf of appellee evidence was submitted showing that the location of the premises was in a large shopping center; that this shopping center included stores to meet practically all the requirements of those who patronized the center, except for a package store; that although there was a package store across the street, traffic conditions, lack of available parking space and inaccessibility because of a fence erected to prevent

crossing the street in the face of traffic, made it neither convenient nor easily accessible to those using the shopping center in which the new package store is located; that there had been within the past three years in a radius of one and one-half miles an increase in population of five thousand people; that several hundred homes had been erected within recent years and many more were in process of construction. Appellee also offered testimony to the effect that there was a definite need for the store at that location.

The evidence offered by appellants was to the effect that there were sufficient package stores in the community, three or four licenses for package stores having been granted within the past few years, and that there was a package store across the street from the premises in question. Appellants attacked the evidence offered on behalf of applicant relative to the increase in population in the vicinity, increase in traffic and difficult traffic conditions, the number of voters in Brandywine Hundred and the increase in population in housing in the vicinity, by alleging the indefiniteness of the evidence and that such evidence did not in point of time apply to the present application.

Appellants' objection to the granting of the license on the ground of the close proximity of a church was seemingly not pressed, there being no evidence of a church in close proximity to the premises, only that property had been purchased for the erection of a church at a future date. If such effort had been made, I should have had to say that there was not sufficient evidence in this case to warrant the refusal of the application on this ground.

4 *Del. C.* § 541, holds that the decision of the Commission shall not be set aside upon appeal unless the Court determines that the record contains no substantial evidence that would reasonably support the findings, although in a proper case, the Court is permitted, in its discretion, to take additional testimony or remand the case to the Commission for completion

of the record. The question therefore is: Was the evidence sufficient to sustain the finding of the Commission?

I cannot say from the record before me that the finding of the Commission was arbitrary and had no basis in fact. There was sufficient evidence, if accepted by the Commission, to sustain its decision that the application should be granted.

Appellants allege bias on the part of the Chairman of the Commission. They further allege that the hearing before the Commission was merely a formality, stating (quoting the language of Judge Storey in the matter of the *Application of Victor J. Nigro, C. A.* 1039, 1956) "the Commission's finding is an unassociated document within itself, which appears more like a token effort to get the case over with, rather than an integrated, well thought out solid exercise of legal discretion, which takes into consideration the rights of all parties and arrives at a sound conclusion." Appellants also aver that they made an offer before the Commission to show bias on the part of its Chairman but that their motion was refused. They state that their contention in this respect is substantiated by the fact that since the granting of the license, the son-in-law of the Chairman of the Commission was appointed manager of the package store. Appellee, however denies that any offer to show bias was made.

As the Supreme Court stated in the case of *Board of Education v. Shockley*, 155 *A.* 2d 323, 329, "No authority is needed to show that appellee * * * should have been given an opportunity to prove any bias existing on the part of the Board." The difficulty which I have with this objection is that the record itself is absolutely devoid of any evidence to support such contention or to show that such an offer of proof was ever made. In addition, no attempt was made to supplement the record in order to show appellants' motion, if made, or in order to show the fact, if it is a fact, that the son-in-law of the Chairman of the Commission is employed as manager of the package store. As the record stands, the Commission would not have been war-

ranted in finding that the Chairman was guilty of bias in the conduct of the hearing or in participating therein, nor could any such finding have been sustained on appeal. *Diamond State Liquors v. Delaware Liquor Commission*, 6 *Terry* 412, 75 *A.* 2d 248; *Lyons v. Delaware Liquor Commission*, 5 *Terry* 304, 58 *A.* 2d 889.

The order of the Commission will be affirmed.