**Stella Lillie Lynch TOWNSEND, William H. Lynch and the Stella Lynch Townsend, William H. Lynch Partnership, and Travelers Insurance Companies, a Connecticut Corporation authorized to do business in Delaware, Plaintiffs,**

**v.**

**John Roland WISE and Maryland Chicken Processing, Inc., Defendants.**

Civ. A. No. 75–105.

United States District Court, D. Delaware.

May 31, 1978.

Walter L. Pepperman, II, and Thomas John Allingham, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiffs.

Eliot Alazraki, of Woloshin & Tenenbaum, Wilmington, Del., for Travelers Insurance Companies.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

STEEL, Senior District Judge:

Plaintiffs, against whom a jury verdict was rendered in a motor vehicle accident

---

case, have filed timely motions for a judgment n. o. v. in their favor or in the alternative for a new trial.

The action may be viewed as one solely by the plaintiff Stella Lillie Lynch Townsend ("Townsend") against the defendant John Roland Wise ("Wise").[1] The accident occurred in Delaware when Townsend, who was driving a Cadillac passenger car, ran into a tractor trailer driven by Wise at the intersection of Route 54, a through highway, and County Road 456, the Whitesville Road, which was controlled by a stop sign posted at the intersection. Townsend had been proceeding in a westerly direction on Route 54 and Wise in a northerly direction on Route 456. Jurisdiction is based on diversity of citizenship. Upon the basis of special interrogatories the jury found that Wise was negligent and Townsend contributorily negligent and that Townsend's contributory negligence was a proximate cause of the accident. Judgment accordingly was entered for both defendants on December 19, 1977, and against all plaintiffs.

Plaintiffs' motion for judgment n. o. v. requires the Court to determine whether the evidence and all reasonable inferences arising therefrom favorable to Wise afforded the jury a rational basis for finding that the accident was caused at least in part by the negligence of Townsend, for if the evidence did, the motions must be denied. *See Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 101 (3d Cir. 1977); *Zegan v. Central R. R.*, 266 F.2d 101, 104 (3d Cir. 1959); 5A *Moore's Federal Practice* ¶ 50.07[2] (2d ed. 1974).

An analysis of the evidence, viewed in the light most favorable to defendant, establishes that the jury did have a rational basis for finding that Townsend was contributorily negligent and that her contributory negligence was a proximate cause of the accident.

So viewed, the evidence establishes that Wise's tractor trailer had entered the intersection after having stopped at the stop sign (Doc. No. 89, at 24–25)[2] and was traveling at approximately 5 miles per hour when Townsend's car ran into it (Doc. No. 96, at 25). Townsend was traveling at about 50 miles per hour, the speed limit, or less before the impact. (*Id.*; Doc. No. 97, at 4). Townsend did not see Wise's vehicle until it "popped right in front" of her. (Doc. No. 88, at 3, 4). She said that she "couldn't see it." (*Id.* at 3). The tractor section of Wise's vehicle was almost across the intersection when Townsend's car struck the trailer portion just behind the cab of the tractor. Townsend made no attempt to slow her car until 72 feet before she struck Wise's vehicle, when she "put on all [her] brakes." (Doc. No. 97, at 3; Doc. No. 96, at 17). She did not slow down as she approached the intersection because she saw nothing in the way. (Doc. No. 88, at 2). She said that this was because "[t]here is a woods that comes out from the road where Mr. Wise was coming from that obstructed my view." (*Id.* at 4).

The failure of Townsend to reduce her speed below about 50 miles per hour until she was virtually at the intersection was a sufficient basis for the jury finding that under the circumstances and requirements of the law her speed was excessive and a cause of the accident. Townsend testified that she had traveled the same road "many, many times before" (*Id.* at 2). She knew that a stand of trees existed at the intersection which blinded her view to oncoming traffic on Route 456. (*Id.* at 4). For Townsend to be traveling at about 50 miles per hour without making any effort to slow

---

1. Plaintiff's son William H. Lynch and the Stella Lynch Townsend and William H. Lynch Partnership were also named as plaintiffs and Wise's employer Maryland Chicken Processing, Inc. was joined as a defendant. The Travelers' Insurance Companies intervened as a plaintiff to recover from defendants monies it allegedly paid to plaintiffs as a result of the accident pursuant to the subrogation terms of its insurance contract with plaintiffs. The rights of all of these parties were determined by the verdict and no separate consideration of them is required in passing upon the pending motions.

2. Evidence offered by plaintiffs was to the effect that Wise had not stopped but simply slowed down. (Doc. No. 96, at 40).

down before approaching the intersection was a breach of duty which was required of a reasonably prudent person under the circumstances. The woods which obstructed her view created a "special hazard" which required of Townsend a degree of caution which she failed to exercise. The fact that she was driving on a through highway and Wise was driving on one controlled by a stop sign did not relieve her of her duty to approach the intersection with care and substantially reduce her speed.

One of the statutes which Wise charged Townsend with violating is 21 *Del.C.* § 4168(b) (1974). It reads:

"The driver of every vehicle shall, consistent with the requirements of subsection (a) of this section,[3] drive at an appropriately reduced[4] speed when approaching and crossing an intersection . . . and when a special hazard exists with respect to . . . other traffic . . ."

In *Williams v. Chittick*, 1 Storey 122, 51 Del. § 122, 139 A.2d 375 (Del.1958), the Delaware Supreme Court construed the forerunner of section 4168(b)[5] as it applied to the duty of the driver on a through highway which intersected with a road controlled by a stop sign. It said:

"This does not mean that he does not have to keep such lookout as a reasonably prudent person would do in order to discover possible danger or to act carefully under existent conditions. Of course, cases may arise where under certain circumstances the driver on a favored road may be guilty of negligence contributing to the accident."

139 A.2d at 378. Immediately after this the Court said:

"But he is not required to slow down in anticipation of danger which has not become apparent."

This last sentence was understandable in the context of the facts before the Court. In *Williams*, unlike the present case, the driver on the through highway had a clear view of the car which was approaching the intersection on the controlled highway. In the present case, the fact that Townsend's ability to see traffic approaching the intersection from a northerly direction on Route 456 was obscured created a "special hazard" of the type referred to in section 4168(b) and left for the jury to decide whether Townsend's 50 miles per hour speed was an "appropriately reduced speed" under the circumstances. In finding that Townsend was contributorily negligent the jury could well have decided that it was not.

The finding of the jury that Townsend was contributorily negligent had a rational basis under the evidence to support it.

Plaintiffs' motion for a new trial is based upon the alleged error of the Court in defining the negligence of the defendant in the light of her failure to avail herself of a last clear chance to avoid the accident. Plaintiffs argue that only a plaintiff and not a defendant is entitled to such an instruction. Delaware law, by which this Court is bound, is to the contrary. In *Island Express, Inc. v. Frederick*, 5 W. W. Harr. 569, 35 Del. 569, 171 A. 181 (Del.1934), the Delaware Supreme Court reversed the trial court because it refused to give a last clear chance instruction requested by a defendant. The Court held that the jury should have been instructed that if the plaintiff had a last clear chance to avoid the accident by the exercise of reasonable care

3. Section 4168(a) reads:
    "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, in compliance with legal requirements and the duty of all persons to use due care."

4. Effective August 5, 1976, the words "an appropriate" were substituted for "appropriately reduced." *See* 21 *Del.C.* § 4168(b) (Supp.1974). Since that revision occurred subsequent to the accident in question, it is inapplicable to the present case.

5. 21 *Del.C.* § 4125(b) (1953). The two statutes are virtually identical, with only two insignificant grammatical changes appearing in the statute governing the present action.

and failed to do so, it would constitute negligence on the part of the plaintiff and, if it were the proximate cause of the accident, this would preclude plaintiff from recovering. Thus the Court in effect held, as this Court charged, that if a plaintiff failed to avail herself of an opportunity to avoid the accident, this in itself was negligence. *James v. Krause*, 6 Terry 404, 45 Del. 404, 75 A.2d 237, 241 (Del.Super.1950), approved the application of the last clear chance doctrine stated in *Island Express*. While in *DiSabatino & Raniere, Inc., et al. v. Gilmore*, 7 Terry 323, 46 Del. 323, 83 A.2d 695 (Del.Super.1951), the Court refused the defendant's request for a last clear chance instruction, it was because the Court held that the facts did not warrant the instruction; the Court's refusal was not based on a view that such a charge would never be given on behalf of a defendant as plaintiffs now argue. *Lord v. Poore*, 9 Terry 595, 48 Del. 595, 108 A.2d 366 (Del.1954), cited by plaintiffs, was not concerned with whether a defendant is entitled to an instruction on last clear chance.

Plaintiffs also argue that the facts did not justify the Court in defining negligence in the context of last clear chance. Plaintiffs' Exhibit 4 was prepared by Officer Robbins, who investigated the accident. It reveals that on the easterly side of County Road 456 there was a 12 feet grass shoulder. Townsend made no attempt to avoid the collision by turning her car to the right onto the grass shoulder. Whether her speed was such as to render this impractical was for the jury to say.

Even if the Court should not have given the jury a last clear chance charge under the facts, nevertheless, the evidence of Townsend's negligence based upon her failure to reduce the speed of her car was so clear that the Court's error in giving the last clear chance charge, if error there was, was harmless. *See* Fed.Rule of Civil Procedure 61. The other arguments made by plaintiffs have been considered and rejected. The case was fairly tried for five days and a new trial is not called for.

Both motions will be denied.