ALFRED BAKER, Defendant Below, Plaintiff in Error, v. MARGARET E. REID, Widow of James H. Reid, Plaintiff Below, Defendant in Error.

(*September* 12, 1947.)

HARRINGTON, *Ch.*, RICHARDS, C. J., and PEARSON, J., sitting.

*William Prickett* for defendant below, plaintiff in error.

*Phillip Cohen* for plaintiff below, defendant in error.

Supreme Court, No. 2, February Sessions, 1947 Term.

PEARSON, J., delivering the opinion of the Court:

Plaintiff brought this action for damages for injuries to her husband which resulted in his death, asserting negligence on the part of defendant. After a trial, the jury found for plaintiff. The court heard and denied a motion for new trial, and judgment was entered. Defendant obtained the issuance of a writ of error out of this court.

On the evening of March 27, 1943, the decedent was driving an automobile south on a highway approaching Farmington, Delaware. The left front tire became flat, and he stopped to change it. After he and a companion, Bailey, had unsuccessfully attempted to jack up the car on the west shoulder of the road, he moved the car so that

the left front wheel was on the paved portion of the road, with the other wheels on the shoulder. He hailed a car which was proceeding south and borrowed a tire wrench. After parking that car on the shoulder south of decedent's car, its two occupants assisted decedent and Bailey in changing the tire. When this was nearly accomplished, and while decedent was crouching, tightening the lugs on the wheel, defendant approached from the north, driving a truck. Before this, other cars had passed, going south. It was dark, raining or drizzling, and the paved portion of the. road was black. The left front of decedent's car and decedent were on the roadway, leaving an unobstructed width of the road there of less than 20 feet. Decedent wore dark clothing. The headlights of decedent's car were on, and were pointed diagonally across the road, and two rear lights were lighted. Defendant's headlights were also on. He was travelling about 35 miles per hour and saw the rear lights of decedent's car from 500 feet away. He continued on without decreasing his speed. He testified that he did not see decedent and did not even see that a part of decedent's car was on the roadway until he was 10 to 15 feet from it. He then, for the first time, took his foot off the accelerator. He testified that he turned the truck sharp to the left; but it struck decedent, and the right front part of the truck struck the left front side of decedent's car. Decedent was carried forward some distance where he fell to the road, severely injured (from which he subsequently died). During this time, another car was approaching from the south. The evidence of the distance of this approaching car from the decedent's car at the time of the collision varies from 75 feet to 200 feet. After the collision, the truck came to a stop some distance south of decedent's car.

There is evidence that just before the collision, Bailey was standing on the road to the north of decedent and

alongside the car; and another man was standing to the south of him. Bailey was wearing a tan overcoat. He testified that he saw the lights of defendant's truck approaching from about a quarter of a mile away, and that when the truck was very close to him, 15 or 20 feet away, he noticed that "it wasn't slowing up or getting over any" and he flashed a flashlight and shouted, "Look out"; but the truck "kept right on coming down." Bailey and the other man got out of the way in time to avoid being hit.

The defendant assigns as error that the court declined to direct a verdict for defendant; that it refused the instructions to the jury requested by the defendant; and that it charged the jury in the language of the charge actually given.

Before considering the assignments separately, we shall first dispose of a point on which defendant relied heavily before the Superior Court upon his motion for a new trial, as well as in his argument before this court. He urges that certain rulings of the Superior Court on the pleadings had the effect of determining as the law of this case that defendant owed no duty to decedent until Bailey's flashlight signal was given. Plaintiff filed an original and later an amended declaration. Aside from the differences we shall point out, both declarations may, for present purposes, be treated as substantially similar in content. Each narrated circumstances surrounding the collision. In the original declaration, it was averred that the headlights of the car approaching from the south temporarily blinded defendant as he approached decedent's car. These allegations were omitted in the amended declaration. In the original declaration, there was no mention of Bailey's flashlight signal; but the giving of this signal was averred in the amended declaration. The original declaration charges negligence in four counts: that the defendant violated a duty to the

decedent to stop his truck when blinded by the headlights; that he violated a duty to reduce the speed of his truck when temporarily, partially blinded by the approaching lights; that he violated a duty to operate the truck at a reasonable and proper rate of speed under the existing conditions of poor visibility; and that he violated a duty to keep a proper lookout. Defendant demurred to these counts and assigned the following reasons:

"1. In first count, the plaintiff does not allege that the defendant had the opportunity to slow down or stop in time to have avoided the alleged accident.

"2. In second count the plaintiff does not allege that the defendant had the opportunity to reduce the speed of said defendant's truck in time to have avoided the alleged accident.

"3. In third count the plaintiff does not allege that the defendant saw, or could have seen, the plaintiff on said highway in time to have avoided the alleged accident if the defendant had been driving at a reasonable rate of speed.

"4. In fourth count the plaintiff does not allege that the defendant saw, or could have seen, the plaintiff on said highway in time to have avoided the alleged accident."

The court sustained the demurrer without written opinion. Plaintiff then filed her amended declaration, charging negligence in the following respects:

1. Defendant failed to keep a proper lookout so as to avoid striking decedent and colliding with his car "when the said defendant knew or by the exercise of reasonable diligence should have known that" the car and decedent "were in a dangerous position upon said highway."

2. Defendant operated his truck at an excessive rate of speed without having regard to the use of a portion of

the highway by decedent "of which the defendant had notice or should have had notice by reason of the flashing of the light held by the said Leonard Bailey".

3. Defendant failed to keep his truck under proper control so that it could be stopped "after having full and ample opportunity to do so when he saw or with the exercise of due care and caution should have seen that a collision with" decedent's car and decedent standing beside the car "was imminent after having had full and ample opportunity to do so when he knew or by the exercise of reasonable care and caution should have known that" the car and decedent "were in a dangerous position upon the highway".

4. Defendant failed to stop, turn, apply his brakes, slacken the speed or divert the course of his truck or otherwise attempt to avoid a collision with the car or avoid striking decedent, when he "saw or by the exercise of reasonable care and caution should have seen that a collision was imminent after having had full and ample opportunity to do so when he knew or by the exercise of reasonable diligence should have known that" decedent's car and decedent "were in a dangerous position upon the highway".

Defendant demurred to the amended declaration, stating as reasons:

"1. The first count does not allege that defendant saw or could have seen the deceased in time to have avoided colliding with him.

"2. The second count does not allege that defendant saw or could have seen the deceased in time to have avoided colliding with him."

The demurrer was overruled and, at the same time, the court denied defendant's motion to strike certain allegations as immaterial.

Defendant argues that:

"The action of the Superior Court in sustaining the demurrer to the first declaration had the effect of holding that Reid was a trespasser on the highway and that therefore the defendant owed him no duty, except not to injure him maliciously, until the defendant had knowledge, actual or constructive, of Reid's dangerous position *and that the tail lights off, and the head lights shining diagonally across, the highway, did not furnish that warning.* * * *

"* * * The effect of overruling the demurrer [to the amended declaration] and motions was to hold that the defendant owed a duty of care *as a result of, not tail or head lights, but after, and as a result of, Bailey's warning* and that the allegations about Bailey's warning were material and had to be proved as alleged." (Emphasis supplied.)

We think the Superior Court's rulings do not support the inference that Bailey's warning alone gave rise to a duty on the part of defendant, or that defendant owed no duty to the decedent until Bailey's warning was given. The substance of defendant's grounds of demurrer to the original declaration is that it appeared from the allegations that decedent was negligent in being where he was at the time of the collision and that the doctrine of contributory negligence was applicable so as to prevent a recovery, since there were no allegations sufficient to bring the case within the doctrine of Last Clear Chance. It does not appear that the demurrer was sustained on any other ground. It is apparent that plaintiff attempted in amended declaration to meet defendant's objections to the original declaration by alleging that defendant had an opportunity to avoid injuring the decedent and was subsequently negligent. Only in the second specification of negligence is Bailey's signal charged to be the sole circumstance which gave defendant notice of decedent's presence on the roadway. In denying

the motion for a new trial, the Superior Court said in an unreported opinion:

"At the trial we considered that the flashlight signal was but one part of a set of circumstances which, considered as a whole, might justify the jury in finding that the defendant saw or could have seen this dangerous situation and have avoided the accident. We felt that, even if that particular averment were to be disregarded entirely, there was still sufficient evidence to justify the jury in finding that the accident could have been avoided by the defendant."

We agree with the view taken by the Superior Court of the significance of the flashlight signal.

Taking up the first assignment of error, defendant says that the trial court should have directed a verdict for him "(1) because the plaintiff had not shown a right to recover under the Last Clear Chance; (2) because it appeared that Reid's [decedent's] negligence contributed to the accident." We think the evidence was not such as to exclude the application of the doctrine of Last Clear Chance. Without attempting a formulation of that doctrine to cover all conceivable instances of its application, we shall mention only such aspects as seem pertinent under the facts of this case. The doctrine assumes contributory negligence and allows a recovery in spite of that. Here, the decedent was negligent in leaving part of his car on the roadway and in changing the tire where he did. But negligence arising out of a person's remaining in a particular place does not necessarily prevent recovery against one who, with a reasonable opportunity to avoid it, negligently does him injury. Where a person is negligently in the path of an oncoming vehicle and his position of danger is observed by the driver of the vehicle, the latter will be liable for injuries from striking him if the driver fails to take measures which are available and reasonable under the

circumstances and which would avoid a collision; and such a driver will be likewise liable even though he does not actually observe the person in danger if that person is unable to extricate himself from the peril during a period preceding the collision when the driver, in the exercise of reasonable care and caution under the circumstances, should observe his dangerous situation and could avoid the injury by taking reasonable, available measures. Compare: *Cummins v. Spruance*, 4 *Harr.* 315; *Ford v. Warner Co.*, 1 *Marv.* 88, 37 *A.* 39; *Island Express v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181; *Leftridge v. City of Seattle*, 130 *Wash.* 541, 228 *P.* 302; 2 *Restatement of Torts*, §§ 479, 480; Comment Note.—Doctrine of last clear chance, 92 *A.L.R.* 47; Fleming James, Jr., Last Clear Chance: a Transitional Doctrine, 47 Yale *L. J.* 704. The driver's awareness of the person negligently remaining in danger may be inferred from the circumstances, even though denied by the driver. *Groves v. Webster City*, 222 *Iowa* 849, 270 *N. W.* 329. Here, defendant owed a duty to look where he was driving his truck and to take reasonable measures to avoid running into persons or things. We think the evidence sufficient to justify conclusions that defendant observed or should have observed the dangerous situation of decedent, and failed to take available and reasonable measures to avoid hitting him during a period when decedent's way of escape from the danger was prevented because of his position with relation to the automobile which extended at an angle onto the road. The Superior Court correctly declined to direct a verdict for defendant.

The second assignment of error is that the court erred in refusing to instruct the jury as prayed by defendant. The court's charge to the jury did include, in substance, a considerable part of the defendant's prayers. We shall, therefore, refer only to the portions of the prayers which

were omitted in the charge or with which the charge was inconsistent. Many of these prayers are based upon defendant's erroneous theory concerning Bailey's signal; for example, the following requested instructions:

"If you find that Bailey did not signal as the plaintiff contends he did, then the plaintiff cannot recover.

"But if you find that Bailey did signal, then you must next determine whether the defendant saw or in the exercise of reasonable care should have seen the signal. * * *

"So, to summarize, in order for the plaintiff to recover, you must find first, that Bailey gave a signal with a flashlight as the plaintiff has alleged, second, that the defendant saw or should have seen the signal, third, that the signal was such that a reasonably prudent man would conclude from seeing it that it was a warning of the danger immediately ahead, fourth, that the defendant saw or should have seen the signal in time to have avoided running into Reid. Unless you find that all these facts or conditions existed, your verdict must be for the defendant."

From what we have already said, it is plain that the court did not err in failing to give these instructions. Likewise, defendant asked for the following instruction:

"If you find that a reasonably prudent man in Reid's position would have seen Baker's truck approaching and would have taken steps to get off the highway or otherwise avoid being struck by Baker's truck, then Reid was contributorily negligent and, since his own negligence contributed to his death, his widow would not be entitled to recover damages, even if you find that the defendant was negligent."

This instruction would have been misleading under the facts here, for it makes no distinction between the time

when the truck was approaching from a considerable distance, and the critical period preceding the collision, and thus would have virtually prevented any application of the Last Clear Chance doctrine. Insofar as the Superior Court omitted instructions requested by defendant, or charged in a way inconsistent with them, we find no error.

 Defendant's third assignment asserts error in the charge as given. Defendant says that the court's statement of the Last Clear Chance doctrine was incorrect and incomplete and that the court failed to apply the law to the facts. The charge contains explanation of negligence, liability for negligent acts, contributory negligence and states that decedent was negligent here in that he violated a statute pertaining to parking or leaving a vehicle standing on a paved portion of a highway, *Rev. Code of Del.* § 5641, as amended by 43 *Laws of Del.* c. 251, p. 1073. The court said that Last Clear Chance "means that even though a party may have been guilty of negligence, yet if thereafter and subsequently the other party had the opportunity by the exercise of reasonable care and diligence to avoid the accident, it was his duty to do so and his failure to do so makes him liable in damages. These principles have been laid down to enable Courts and juries to determine what really amounts to proximate cause." The court then explained proximate cause, saying:

"Proximate cause is merely the efficient cause or that cause which in a natural and continued sequence, unbroken by any efficient intervening cause, produces an injury and without which the injury would not have occurred. In other words, if the negligences of the two parties are not concurrent or mutual, but one succeeds the other by an appreciable interval of time, then the question of proximate cause, meaning effective legal cause in the sense of sole cause, arises for a consideration. On the other hand, if

the negligences of the two parties are concurrent, then the negligence of the plaintiff is contributory negligence and the plaintiff cannot then recover. * * *

"On the other hand, if you should find from the preponderance of the evidence that Mr. Reid's negligence was succeeded by the negligence of the defendant by such an interval of time that the negligence of the defendant intervened and rendered inoperative the negligence of Mr. Reid, that is to say, that while Mr. Reid was negligent his negligence was remote in character, in such case the defendant's negligence would be the proximate cause of the injury and resulting death, and the plaintiff would be entitled to recover, and in that case your verdict should be for the plaintiff."

It is obvious that this treatment of Last Clear Chance is based on the theory of the Island Express case decided by the Supreme Court, which the Superior Court quite naturally followed. If defendant desired any different or more explicit formulation of the doctrine, he should have requested specific instructions accordingly. However forceful may be criticisms that a statement of Last Clear Chance in terms of concurrent or successive negligences is overly subtle or even misleading when applied to many factual situations, defendant did nothing to suggest that to the court at the trial. This being so, we think the Superior Court acted properly in making the general statement or explanation of the law which it did.

Although the facts and contentions are reviewed in the charge, it is true that the court did not apply the law to the facts. It is preferable that such application be made in a charge, and where a party submits to the court, in time for consideration in drafting the charge, prayers which suggest a correct statement or specification of the application of the law to the facts of the case, they should not be ignored

or disregarded. Island Express v. Frederick, supra. Here, we do not find the court omitted any important proper applications or specifications which were suggested to it at any time before the jury retired. Where this is so, it is unavailing in a court of error to object merely on the ground of generality in the statement of the law. Accordingly, failure to charge more specifically was not error.

 · Defendant further objects to what he calls mistakes and misstatements in the charge. We have examined the instructions to which he refers and do not find the objections of sufficient importance to warrant separate discussion. Most of the statements would only be mistakes or misstatements if regarded without reference to their context. All of the arguments seem not to recognize that some inaccuracies and inaptness in statement are to be expected in any charge. The statements objected to are reasonably informative and not misleading, judged by common practices and standards of verbal communication. Nothing more is required in this respect.

The judgment below should be affirmed.

January 23, 1948. Petition for re-hearing denied.