EDWARD N. TOMPKINS, Plaintiff, v. THE BALTIMORE & OHIO RAILROAD CO., a Corporation of the State of Delaware, Defendant.

(*May* 8, 1951.)

HERRMANN, J., sitting.

*Robert C. Barab* for the Plaintiff.

*Thomas H. Wingate* for the Defendant.

Superior Court for New Castle County, No. 1027, C. A. 1948.

HERRMANN, J.:

This is an action to recover damages for personal injuries sustained in a railroad crossing accident. The case was tried by court without jury.

There is little dispute as to the facts. On October 31, 1947, at about 2:00 o'clock in the afternoon, the plaintiff was driving a light truck in a northerly direction on Newport Gap Turnpike toward its intersection with the defendant's railroad tracks. The highway was a main thoroughfare. The railroad crossing was used by the defendant approximately four times each day.

The defendant's train was being operated in an easterly direction toward the Turnpike crossing. The makeup of the train was caboose, as lead car, then locomotive, tender and six freight cars. The train crew consisted of the engineer who was sitting in the cab of the locomotive, facing north and away from plaintiff's approaching truck; the fireman who was sitting opposite the engineer in the cab of the locomotive, facing south toward the plaintiff's approaching truck; the brakeman who was stationed on the platform of the caboose; and two other crewmen who were sitting inside the caboose. The train was equipped with brakes which could be operated either by controls in the locomotive or by levers located on the caboose.

The crossing was marked by the typical round sign bearing the letters "R R", located approximately 215 feet south of the crossing. At the intersection itself there was the ordinary crossed-arm sign, marked "Railroad Crossing". The weather was cloudy but not sufficiently inclement to interfere seriously with visibility. The railroad crossing, as well as the tracks to a distance of several hundred feet west thereof, were visible to northbound travelers on the highway from a distance of approximately 500 feet. The view of the crossing was unobstructed. The view of the tracks was unimpaired except for scattered trees, the autumn foliage of which was sparse. The plaintiff was familiar with the road and the intersection, having used this highway many times before.

The defendant's train was being operated at a speed of approximately 12 miles per hour and the plaintiff's motor vehicle was being driven at a speed of approximately 20 miles per hour as each approached the crossing. The plaintiff did not see the train until he had driven his truck within 10 or 15 feet of the crossing, when the train was "almost on top of" him, a "split second" before the collision. The brakeman, stationed on the caboose platform, saw the plaintiff's truck approaching when the truck was about 200 feet from the intersection. He did not realize that the plaintiff was not going to stop until the caboose

was about 15 feet from the crossing. He immediately shouted a warning to the fireman and jumped from the caboose. The fireman relayed the warning to the engineer who applied the brakes but was unable to stop the train in time to avoid the collision. The front of the truck came into contact with the steps of the caboose and the truck was pushed a distance of approximately 75 feet before the train was brought to a stop.

Only one material fact is in dispute. The plaintiff asserts that there was no warning of the train's approach. He produced corroborative evidence to support this assertion. The defendant contradicts this contention and adduced evidence to the effect that the locomotive whistles were blown, the automatic engine bell was rung, and the rider whistle on the caboose was being sounded as the train approached the intersection.

It is unnecessary to make a finding regarding this controverted fact. Assuming the negligence of the defendant in failing to give a warning of the train's approach by bell, whistle or otherwise, it is manifest from the foregoing statement of facts that the plaintiff was guilty of contributory negligence which was a proximate cause of the accident. Considering his familiarity with the locus, the time of day, the weather conditions, and the available view of the railroad crossing and the stretch of tracks leading to it, the plaintiff was negligent in that he did not look and see that which was in plain sight to be seen. A railroad crossing is a place of danger. Its very presence is notice of danger. *Leedom v Pennsylvania R. Co.*, 3 *Terry* 186, 29 *A.* 2d 171. In the exercise of ordinary care, the plaintiff should have seen the train in time to avoid the collision. *Gray v. Pennsylvania R. Co.*, 3 *W. W. Harr.* 450, 139 *A.* 66; *Northern Pacific Railroad Company v. Freeman*, 174 *U. S.* 379, 19 *S. Ct.* 763, 43 *L. Ed.* 1014.

The plaintiff contends that, although negligent himself, he may nevertheless recover from the defendant because the defendant had the last clear chance to avoid the accident. The

plaintiff asserts that by reason of his unawareness of the train's approach, he entered a position of peril two or three seconds before the collision and that, within that interval of time, his predicament should have been recognized by the brakeman and fireman, the train should have been stopped, and the accident thus avoided. The plaintiff further argues that the accident would not have occurred if the brakeman had used the air brake lever on the caboose immediately instead of wasting the two or three seconds required for relaying an oral warning to the engineer through the fireman.

The last clear chance doctrine is available to a negligent plaintiff only when it is apparent that the negligences of the parties are not concurrent but are successive, separated by an appreciable interval of time, and that the injury was caused proximately by the negligence of the defendant while the negligence of the plaintiff was only remotely connected with the harm. *Island Express, Inc. v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181; *Baker v. Reid*, 5 *Terry* 112, 57 *A.* 2d 103; *Leedom v. Pennsylvania R. Co.*, supra.

This case meets none of the conditions required for the application of the last clear chance doctrine in this jurisdiction. The plaintiff's negligence was not merely a remote cause of the accident. The active negligence of the plaintiff, as he drove his vehicle toward and into a position of peril in violation of his duty to keep a lookout, continued without interruption down to the instant of the impact, or just a moment prior thereto, as an efficient and substantial factor directly contributing to the injury. To hold that the plaintiff's negligence here was only a remote cause of the injury, thus casting upon the defendant the sole responsibility for the result, would be to ignore the fundamental principle of contributory negligence.

The plaintiff's negligence was not insulated or detached by any later negligence of the defendant which became the supervening active cause. The plaintiff's opportunity to

avoid the accident continued at least as long as the defendant's. Considering the maneuverability of the respective vehicles, it may be fairly said that the plaintiff, and not the defendant, was the "last wrongdoer". By the exercise of the simplest precaution, the plaintiff could have avoided the accident at a late moment, even after the train crew conceivably had lost control over the situation.

The railroad crossing, not its highway approaches, constituted the position of peril. *Bujnak v. Connecticut Co.*, 94 *Conn.* 468, 109 *A.* 244. The members of the train crew were justified in assuming that the plaintiff was aware of the approach of the train and that he would bring his vehicle to a stop before reaching the danger zone on the crossing itself. The evidence contains nothing which would indicate that, before it was too late for them to avert the accident, the defendant's agents had any cause to believe, by reason of the plaintiff's speed or otherwise, that the plaintiff was oblivious of the train's approach and that he would enter into the danger zone. In considering the applicability of the doctrine, such a situation is clearly distinguishable from the type of situation wherein the injured party is already in a position of peril and thereafter the injuring party becomes, or in the exercise of ordinary care ought to have become, aware that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so. Compare *Baker v. Reid, supra*.

The plaintiff's negligence was clearly a proximate cause of the accident. From the view most favorable to the plaintiff, "concurrent negligences proximately at work are plainly indicated". *Leedom v. Pennsylvania R. Co. supra; Miller v. Union Pacific R. Co.*, 290 *U. S.* 227, 54 *S. Ct.* 172, 78 *L. Ed.* 285.

Judgment will be entered for the defendant for costs.