McCotter Transport Co., a corporation of the State of North Carolina, Plaintiff Below, Appellant, v. Jean S. Hall, Defendant Below,Appellee.

474 

(*January* 28, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Frank J. Gentile, Jr.,* and *Wilfred J. Smith, Jr.,* for plaintiff below, appellant.

*William Prickett, Jr.,* and *William Prickett, Sr.* (of the firm of Prickett and Prickett) for defendant below, appellee.

Supreme Court of the State of Delaware, No. 50, 1958.

BRAMHALL, J.:

 The question raised by this appeal relate to the order of the trial judge (1) directing a verdict for defendant because of the contributory negligence of plaintiff in overtaking and passing at an intersection defendant's vehicle proceeding in the same direction on a dual highway, and, (2) because of the admission in evidence by the trial judge of certain photographs of a blackboard used by counsel for defendant in the trial and offered in evidence by defendant for the purpose of illustrating the testimony of plaintiff's driver.

On May 17, 1955, plaintiff's driver was operating plaintiff's tractor-trailer in a northerly direction on State Highway 13, approaching its intersection with State Highway 113 A, at or

near the City of Dover, Delaware. At this point State Highway 13 is a dual highway with two lanes in each direction. Just south of the intersection there is a cut-off for traffic turning right from State Highway 13 to State Highway 113 A. The intersection is controlled by a traffic light. Plaintiff's driver was operating the tractor-trailer of plaintiff in a northerly direction in the right-hand lane. As he rounded a curve in the road, a short distance south of the intersection, he noticed that the traffic light was red and that defendant's vehicle was stopped in the right-hand lane with the front wheel off the highway. When the traffic light turned green, defendant began to "angle off" toward the right as though beginning to make a right-hand turn. Plaintiff's driver made a left-turn signal, moved to the left-hand lane, slowing down to approximately 20 miles per hour, and "drifted" toward the intersection. Just as the tractor-trailer of plaintiff was about to enter the intersection, defendant suddenly and without warning swerved from the right-hand lane and made a left-hand turn directly in front of plaintiff's tractor-trailer. In an effort to avoid striking defendant's vehicle, plaintiff's driver also swerved to the left, causing his truck to overturn in the intersection.

Defendant moved for a directed verdict contending that plaintiff's driver was guilty of negligence contributing to the accident (1) in attempting to pass defendant's vehicle at an intersection; (2) in failing to give warning of his intention to pass defendant's vehicle; and (3) in failing to drive on the right-hand side of the road. While this motion was still pending, defendant offered, and the court admitted in evidence, certain photographs of a blackboard sketch drawn by counsel for defendant while cross-examining plaintiff's driver. The trial judge granted defendant's motion for a directed verdict on the ground that plaintiff's driver violated *Title* 21 *Del. C.* § 4133(e), relating to overtaking and passing another vehicle proceeding in the same direction at an intersection. Plaintiff appeals.

Did the trial judge err in holding that plaintiff's driver was guilty of contributory negligence as a matter of law for violating the provisions of 21 *Del. C.* § 4133(e), prohibiting the

driver of a vehicle from passing another vehicle proceeding in the same direction at an intersection? Plaintiff's objection to this ruling of the trial judge is that the violation of this statute, if there was a violation, was not a proximate cause of the accident.

Implicit in this objection is the question of the applicability of the statute to the facts of the case. If the statute is inapplicable there was no statutory violation which could be held to be the proximate cause of the accident.

21 *Del. C.* § 4133(e), upon which the trial judge rested his order directing a verdict for defendant, is as follows:

"The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any railway grade crossing or at any intersection of highways unless permitted so to do by a traffic or police officer."

Section 4133 of *Title* 21 *Del. C.*, of which subsection 4133(e) is a part, was originally passed by the legislature in substantially its present form in 1929 (36 *Del. Laws Ch.* 10, § 91-93). Since at the time this section was enacted there were no dual highways then in use, it is obvious that the legislative intent was to make the statute applicable only to a two-way or two-lane highway. Be that as it may, the language of the section taken as a whole shows clearly that it was intended to apply to a two-way or two-lane highway. As we said in the case of *Williams v. Chittick, Del.*, 139 *A.* 2d 375, 379, which involved an accident on a dual highway:

"The purpose of through highways is to accelerate the flow of traffic thereon by permitting travelers to proceed, within lawful speed limits, without interruption and to prevent collisions at intersections."

In the *Chittick* case we held that § 4125(b) of 21 *Del. C.* 1953, which provides that every driver of a motor vehicle shall drive at an "appropriate reduced speed when approaching and crossing an intersection", does not apply to dual or arterial high-

ways. We stated that such a construction would definitely obstruct the purpose for which such through highways are constructed. We think this language applies equally in this case to § 4133(e) and that if we should hold that the latter section of the *Motor Vehicle Code* is applicable to dual or through highways, we should in large measure nullify the purpose for which such highways are constructed.

The decisions of other states relating to the question of the applicability of statutes forbidding the passing of automobiles at an intersection generally hold that in the absence of specific language to the contrary, such statutes are not applicable to a highway which is divided or marked so that traffic may legally flow in one direction in two or more lanes. See cases cited in 53 *A. L. R.* 2d, § 7, at page 866.

The case of *Wilson v. Stroh*, 121 *Colo.* 411, 216 *P.* 2d 999, 1000, is a case somewhat in point. In that case plaintiff's truck driver in attempting to pass another truck proceeding in the same direction by driving to the left lane on the right side of a four-lane highway collided with the other truck when it attempted to make a U turn from the right lane at the intersection. In that case one of the statutes alleged by defendant to be applicable provided:

"No vehicle shall, in overtaking and passing another vehicle or at any other time be driven to the left side of the road under the following conditions:

\*　　\*　　\*　　\*　　\*　　\*

"2. When approaching within 200 feet of any bridge, or tunnel or when approaching within 200 feet of or traversing any intersection or railroad grade crossing."

In holding that this Statute was not applicable in the case of a dual highway, the Court said:

"The statute \* \* \* is clearly intended to apply to a two-way or two-lane highway for the avoidance of traffic coming

from the opposite direction. It does not make sensible application to two lanes of traffic all going in the same direction as in the case before us."

Since we have held that 21 *Del. C.* § 4133 (e) was not applicable to this accident, it was therefore error to rule as a matter of law that the plaintiff's driver was guilty of contributory negligence. We think that the question of such driver's contributory negligence under all the facts and circumstances of the case posed a question for determination by the jury.

■ Defendant's motion was also predicated upon two additional grounds: (1) the failure of plaintiff's driver to give warning of his intention to pass defendant's vehicle, in violation of 21 *Del. C.* § 4133 (b), and (2) the failure of plaintiff's driver to operate his tractor-trailer in the right-hand lane, in violation of 21 *Del. C.* § 4131, while passing an intersection. In ruling upon defendant's motion, the trial judge did not pass upon either of these questions. Since we have decided that the trial judge was in error in granting defendant's motion for a directed verdict on the ground that plaintiff's driver attempted to pass defendant's vehicle at an intersection, requiring a new trial, we shall consider the other two objections.

As to the question of the alleged failure of plaintiff's driver to give warning of his intention to pass defendant's vehicle, we think that under the facts as presented in the court below, the trial judge would not be warranted in rendering a directed verdict for defendant but that this question would be a matter for the jury to determine. The only evidence produced in this respect was the testimony of plaintiff's driver, who testified that he did not know whether or not he blew his horn, and the testimony of another witness, who testified that she heard the air brakes but did not hear the horn. This evidence is negative in character. There was no positive evidence that plaintiff did or did not give any warning of the approach of his tractor-trailer. Under such circumstances, we think that the weight of the testimony relative to the giving of the warning was for the jury to

determine. *Kuehne v. Brown*, 257 *Pa.* 37, 101 *A.* 77; *Elias v. Collins*, 237 *Mich.* 175, 211 *N. W.* 88, 52 *A. L. R.* 1118; *Bohringer v. Campbell*, 154 *App. Div.* 879, 137 *N. Y. S.* 241.

As to the objection of defendant that plaintiff was guilty of contributory negligence *per se* for operating his tractor-trailer on the left-hand side of the road, contrary to 21 *Del. C.* § 4131, while entering the intersection, there is no merit to this objection. For the reasons heretofore given in this opinion relating to plaintiff's driver passing defendant's vehicle at an intersection, we are of the opinion that the section upon which defendant relies has no application to a dual highway such as State Highway 13.

A final word concerning the photographs of the blackboard which were offered in evidence by counsel for defendant immediately after making his motion for a directed verdict. Plaintiff's objection is based upon the alleged inaccuracy of the diagrams themselves and not specifically to the photographs thereof taken by defendant.

It is not uncommon, and usually not improper, for counsel in his examination of a witness, to make a sketch on a blackboard, elicit from the witness the statement that it is a fair representation of a scene of an event and then from time to time refer to it in his examination by asking the witness questions relative to distances or objects shown thereon. *State v. Emory*, *Mo.*, 246 *S. W.* 950; *People v. Figueroa*, 134 *Cal.* 159, 66 *P.* 202. In such cases the witness is merely using the drawing or photograph thereof as a visual or graphic means of expressing himself. The witness stated in answer to a question as to whether the diagram adequately depicted the intersection, "Yes, that is about like it, I guess." The admission or rejection of such evidence usually lies within the discretion of the trial judge and his ruling thereon, in the absence of abuse of discretion, will not be disturbed. The diagrams were used by counsel for defendant in his cross-examination of plaintiff's driver. As so frequently happens in such cases, the record of this testimony,

without reference to the photograps of the blackboard diagrams, is in places almost unintelligible. We do not know how plaintiff could have been harmed by the admission in evidence of the photographs of the blackboard drawings and therefore cannot say as a matter of law that the trial judge abused his discretion in admitting them.

The judgment of the Superior Court is reversed and a new trial granted.