RICHARD F. HICKMAN, Plaintiff Below, Appellee, v. JAMES PARAG, Defendant Below, Appellant.

*(February* 3, 1961.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*F. Alton Tybout* (of the firm of Prickett and Prickett) for defendant below, appellant.

*Samuel R. Russell* and *William F. Taylor* (of the firm of Morford, Young and Conaway) for plaintiff below, appellee.

Supreme Court of the State of Delaware, No. 31, 1960.

BRAMHALL, J.:

The questions in this appeal involve (1) Alleged error on the part of the trial judge in refusing to direct a verdict for defendant; (2) the charge of the trial judge with reference to the statute relating to the parking of motor vehicles on the highway; (3) the refusal of the trial judge to charge the jury on the question of imputing the negligence of plaintiff's driver to plaintiff; (4) certain alleged irregularities occurring during the charge to the jury; (5) admission in evidence of certain charts with explanatory information made by witness investigating scene of accident; (6) relevancy of testimony offered to impeach testimony of witness denying agency; (7) alleged insufficiency of trial judge's charge on the question of proximate cause.

Plaintiff was seriously injured as a result of a collision caused when an automobile in which he was an occupant ran into and struck a tractor-trailer owned by defendant parked in front of defendant's home in New Castle, Delaware. Since the judgment in this case involves the sufficiency of the evidence, we set forth the facts produced at the trial in the light most favorable to plaintiff.

On December 12, 1958, at approximately 11:50 o'clock p.m., plaintiff was riding in an automobile owned and operated

by one Jon Ludvigson in a westerly direction on or near Landers Lane in Swanwyck Estates, New Castle, Delaware. Defendant was the owner of a tractor-trailer which was parked on Landers Lane, partly on the paved portion of the road and partly on the shoulder thereof, without lights. The automobile in which plaintiff was riding ran into and struck the rear end of the tractor-trailer, causing serious injuries to plaintiff. Plaintiff instituted suit against defendant and against the Paper Transportation Company, a corporation, on the theory that at the time of the accident defendant was acting as the agent for the corporation.

Plaintiff contended that the tractor-trailer of defendant was parked without lights, in violation of 21 *Del. Code* § 4344(b); that it was parked on the paved portion of the highway, in violation of 21 *Del. C.* § 4146(a) and 21 *Del. C.* § 4146(d).

Defendant denied the allegations of negligence made by plaintiff. He contended that the accident was caused by the negligence of the driver of the automobile in which plaintiff was riding in that the driver exceeded the lawful speed limit, in violation of 21 *Del. C.* § 4126(a)(1)(B), and that this negligence was the sole proximate cause of the accident. He also contended that plaintiff was in control of the operation of the automobile and that therefore the negligence of the driver was imputable to plaintiff. At the trial, because of his inability to prove agency, plaintiff voluntarily discontinued the suit against the Paper Transportation Company.

In support of plaintiff's contention as to the negligence of defendant, evidence was produced showing that the paved portion of the street at or near the scene of the accident was 17 feet 6 inches in width at one point, and 19 feet 2 inches in width at another; that there was an "S" turn on said Landers Lane approximately 450 feet before the automobile in which plaintiff was riding reached the scene of the accident and

another "S" turn approximately the same distance on the other side thereof; that the night was dark and there were no street lights near the scene; that the operator of the car in which plaintiff was riding was driving from 35 to 40 miles an hour—exceeding the speed limit; that he failed to stop at the stop sign before reaching the scene of the accident; that he was unable to see defendant's tractor-trailer on the highway because his view of the highway was blinded by the high beams of the headlights of an approaching car; that the crash occurred immediately after the operator of this car was able to see defendant's tractor-trailer.

1.  Should the trial judge have directed a verdict for defendant?

The trial judge denied defendant's motions—made at the end of plaintiff's evidence and again after all the evidence was in—for a directed verdict on the ground that no negligence on the part of defendant could be considered a proximate cause of the accident. Defendant contends this was error. He states that this contention is established by evidence showing that the tractor-trailer of defendant could be seen from the stop sign, by evidence of excessive speed on the part of the driver of the automobile in which plaintiff was riding and by the driver's plea of guilty to the charge of driving too fast for conditions then existing.

Plaintiff contends that the evidence is in dispute and that the question of whether the negligence of the driver of the automobile in which plaintiff was riding was the proximate cause of the accident was a question for the jury.

The question of proximate cause is usually one for the jury. *Island Express v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181. Plaintiff can be denied recovery only in the event that it should be determined as a matter of law that the negligence of the driver of the automobile in which the plaintiff was riding was the sole proximate cause of the accident. To

have permitted the trial judge to grant defendant's motion for a directed verdict, he must have found that such evidence was undisputed.

We think that the questions of proximate cause arising out of the acts of negligence of plaintiff's driver and the acts of negligence of the defendant were questions for the determination of the jury, for the reason that there was substantial evidence offered on behalf of plaintiff refuting defendant's testimony. It was for the jury to determine which evidence should be accepted, and hence whether the negligence of plaintiff's driver was the sole proximate cause of the accident.

2. The trial judge's charge to the jury with reference to Title 21 *Del. C.* § 4146(a), prohibiting the parking of a motor vehicle upon the highway.

Defendant complains that the trial judge in his charge to the jury relating to the force to be given to the two exception clauses in this section committed error.

Title 21 *Del. C.* § 4146(a) provides as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway. In no event shall any person park or leave standing any vehicle whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 20 feet upon the main traveled portion of the highway opposite such standing vehicle is left for free passage of other vehicles thereon, or unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

■ The question here raised is whether or not the exceptions enumerated in the statute requiring a clearance of 20 feet on the main traveled portion of the road and providing for a clear view from a distance of 200 feet in each direction shall be interpreted in the alternative. In his charge to the jury, the trial judge adverted only to that portion of the statute relating to the clearance of 20 feet. Defendant contends that the exception clauses in the statute are to be interpreted in the alternative and that the failure of the trial judge to charge the jury as to both exceptions was error.

This statute was originally approved on April 8, 1929, as § 103 of 36 *Laws of Delaware*, Chap. 10. In that section, the clearance required as to the width of the highway was 15 feet instead of 20 feet, as now provided, and the word "or", connecting these two exception clauses, is set forth as "nor". The latter word also appears in the 1935 *Code*. It was not until the 1953 *Code* became law that the word "nor" was changed to "or".

We think that a construction of this statute is indicated. While it may be true that on its face the language of the statute would seem to be clear, when we consider the purpose of the Legislature in enacting the statute and the probable result of accepting defendant's interpretation, such impression appears to be illusory. For example, if the present statute should be construed literally, there would be no violation of law if an automobile should be parked in the middle of the highway, provided there is a clear view of 200 feet in each direction. Of course, such a construction would destroy completely the purpose of the statute.

Although there is no case directly construing the statute as it existed before the adoption of the Code, there are three cases, two of which involve the parking of automobiles on the highway without proper clearance, in which it was inferentially recognized that a violation occurs where only one of the circumstances set forth in the "unless" clause exists.

*State v. Shaw,* 8 *W. W. Harr.* 352, 192 *A.* 610; *Lord v. Poore,* 9 *Terry* 595, 108 *A.* 2d 366; *Baker v. Reid,* 5 *Terry* 112, 57 *A.* 2d 103. Indeed, the same inference might be drawn from the *Island Express* case.

It seems, therefore, entirely reasonable to believe that when the Code Commission codified the statute, the change from "nor" to "or" was an inadvertent error. In the preface to the *Revised Code of* 1953, it is stated that the sources of the various sections are outlined in the "History and Source of Law" notes under the various sections. Among other things, it is recited that such notes purport to explain the important revisions, if any, made by the Revised Commission in the preparation of this Code.

Significantly, no notice of any such change is noted by the Commission under the section in question.

The question here raised was fully discussed and decided by this Court in the case of *Monacelli v. Grimes,* 9 *Terry* 122, 99 *A.* 2d 255. In that case this Court held that the background relating to the preparation and adoption of the Code indicated clearly that the legislative purpose was not to change the substantive law, holding that under such circumstances there arose a very strong presumption that no change in substance of the meaning was intended. This Court said that courts may look to the statute as it was before the codification to find the legislative intent. Considering this section in the light of the langage of this Court in the *Monacelli* case, we find nothing in this case, either in the legislative background or in the very limited change of language in this section, to indicate that the Legislature intended to make a change in its meaning or that it in fact did so.

3. The refusal of the trial judge to charge the jury on the question of imputed negligence.

Defendant contended that the refusal of the trial judge to charge the jury that if they found that plaintiff was in fact

partly or wholly in control of the operation of the vehicle, the negligence of the operator would be attributable to plaintiff, was error.

The rule is clear in this State, and elsewhere, that in order for the negligence of the driver to be imputed to the occupant, the latter must exercise some control over the driver in the *operation* of the vehicle. *Roach v. Parker,* 9 *Terry* 519, 107 *A.* 2d 798. See 4 *Blashfield Cyclopedia of Law Automobile and Practice,* § 2493, p. 670; 65 *C. J. S.* Negligence § 168(b), p. 810. The only evidence in this respect was that of the plaintiff and the driver. Plaintiff merely said that he "told" the driver where to drive. This is very far, indeed, from any showing of control over the operation of the vehicle. The driver stated that plaintiff at no time made any attempt to tell him how to drive. We think that the evidence completely failed to support any inference that plaintiff was in control of the automobile belonging to and operated by the driver during their brief trip to the liquor store.

4. The trial judge's charge on proximate cause.

Defendant submitted to the trial judge a prayer on proximate cause, in which he attempted to relate the facts of the case to the law. The Court declined to give the charge as requested, without giving any reason therefor, instructing the jury on proximate cause in language more abstract and more abbreviated than that set forth in the language of defendant's prayer. The defendant, citing the cases of *Island Express v. Frederick, supra* and *Baker v. Reid, supra,* contended that this was error. He stated that when the trial judge had been so requested, it was defendant's right to have the Court present in his charge to the jury a statement or specification of the application of the law to the facts of the case.

As we understand defendant's argument, he does not contend that as an abstract statement of the law, the trial judge's charge on the question of proximate cause was incorrect.

■■ We agree with defendant's contention that in an accident case, when the Court is presented with a prayer for charge in which the facts are properly and correctly related to the law of proximate cause, defendant would be entitled to a charge relating the facts to the law. *Island Express v. Frederick, supra; Baker v. Reid, supra*. Our difficulty with defendant's contention is that we consider the prayer which was submitted by defendant to the trial judge to have been incorrect and improper.

In the prayer submitted by defendant, the trial judge was requested to say to the jury that where the negligence of one consists in the creation of conditions which are rendered serious by the subsequent negligence of a third party, the acts of the two persons are not concurrent. In the last paragraph of his prayer, defendant further stated that if the jury should find that the driver of the car in which plaintiff was riding was guilty of negligence which was the proximate cause of the accident, they should render a verdict for defendant, since the negligence of the driver would be the proximate cause of the accident and the negligence of defendant a remote cause. This is not a correct statement of the law. Assuming that the jury should find that the driver of the car in which plaintiff was riding was guilty of negligence, they must then consider whether such negligence was the sole proximate cause of the accident. Unless the jury should so find, plaintiff would be entitled to recover, since the negligence of the driver would not be imputed to plaintiff, an occupant of the car.

5. Alleged irregularities on the part of the trial judge in presenting his charge to the jury.

■ At the trial counsel for plaintiff presented to the trial judge a request for charge on proximate cause written in his own handwriting. When charging the jury, the trial judge, in apparently attempting to follow the language of plaintiff's charge, found difficulty in deciphering the handwriting of counsel for plaintiff. The trial judge requested counsel for

plaintiff to approach the Bench and engaged in a conversation with him relative to plaintiff's request for a charge from which the trial judge was attempting to read. Defendant after the jury had retired objected to the Court's calling counsel to the Bench and engaging in a conversation with him not within the hearing of defendant or his counsel.

There is no merit to this objection. The record is clear that the purpose for which counsel for plaintiff was called to the Bench was to give assistance to the Court in the Court's effort to read his prayer for charge. There is not the slightest evidence that counsel for plaintiff approached the Bench for any other purpose or that defendant was prejudiced in any manner by these occurrences.

Defendant made a further objection to the trial judge's charge on proximate cause. In his original charge to the jury, the trial judge referred to proximate cause as "sole proximate cause". Upon completion of the charge, the trial judge's attention was called to the fact that the correct language should have been "proximate cause". Defendant further requested the Court, when it should recall the jury to make this correction, to charge the jury further on proximate cause by applying the facts to his statement of the law. Defendant's latter request was denied.

The jury had been recalled for one purpose only— to correct an error in the use of the word "sole". When this error had been corrected, there was no occasion to do anything more. Defendant's contention that he was prejudiced by the emphasis given to the point is without merit.

6.   Admission in evidence of chart of plaintiff's investigator.

Defendant's objection here related to the admission in evidence by the trial judge of two charts for the purpose of showing the extent of the projection of the tractor-trailer into the highway. Defendant alleged that these charts

were inaccurate and misleading in that they failed to take into consideration an incline in the roadbed at or near the point where the accident occurred.

The purpose of this offer was to portray more graphically the conclusions of the witness as to the manner and extent in which the tractor-trailer extended into the road. We think that this evidence gave to the jury visual aid and assistance in understanding the figures set forth in the chart produced by the witness. Where such information is substantially correct, it is generally admissible. *McCotter Transport Co. v. Hall*, 1 *Storey* 473, 148 *A.* 2d 110. See *Wigmore on Evidence*, Third Edition, § 790-791. Defendant's objection to the accuracy of at least some of the information contained in the chart went to the weight of the evidence and not to its admissibility. The objection was properly overruled.

There is no merit to defendant's further objection to the narrative report explaining the figures on the chart. This report could have been admitted along with the figures shown in the chart. Moreover, it contained only information concerning which the witness had previously testified to in Court.

7.   Prior statements of witness as to agency.

Plaintiff called defendant and the president of defendant corporation in an effort to secure from them an admission that defendant at the time of the accident was acting as an agent of the defendant corporation. Both witnesses denied this. Defendant was asked in cross-examination whether he had not told an investigator who had talked with defendant, that he was an agent of the corporation. Defendant objected. Upon the assurance of plaintiff that he would produce independent evidence of agency, the Court overruled defendant's objection. The investigator subsequently testified that at the time he talked with defendant, defendant had informed him that at the time of the accident, he had been acting as an agent for defendant. Instead of offering further testimony,

plaintiff at the close of his case voluntarily dismissed the action against the corporate defendant. Defendant objected to the admission of this testimony for any purpose, but was overruled by the trial judge, who instructed the jury that they should consider this testimony only for the purpose of determining the credibility of the witness.

■■■ This testimony was received by the trial judge only upon the explicit promise of plaintiff that the agency would be proved by independent testimony. Otherwise, such testimony would not have been admissible for any purpose. *State v. Kelly,* 27 *N. M.* 412, 202 *P.* 524, 21 *A. L. R.* 156. When plaintiff failed to produce independent testimony to prove agency, this testimony should have been stricken from the record entirely. Refusal of the trial judge to do so was error. The question is whether defendant was prejudiced by this error.

■■■ We think that the error of the court was a minor one that could have had no real effect in influencing the jury and that there is accordingly no showing of prejudice. The real issue concerned the circumstances of the collision and these were amply proved by testimony that was not impeached. In our opinion the error in failing to strike the testimony is not reversible error.

The judgment of the Superior Court will be affirmed.