William J. FERSCHKE, 2d, and Kathryn I. Ferschke, his wife, Appellants,

v.

PENN CENTRAL TRANSPORTATION COMPANY, a corporation of the Commonwealth of Pennsylvania.

No. 71-1423.

United States Court of Appeals, Third Circuit.

Argued April 3, 1972.

Decided May 11, 1972.

C. Waggaman Berl, Jr., Booker, Leshem, Green, Shaffer, Berl & Wise, Wilmington, Del., for appellant.

Robert K. Payson, Potter, Anderson & Corroon, Wilmington, Del., for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and McCUNE, District Judge.

OPINION OF THE COURT

PER CURIAM:

The plaintiff, William J. Ferschke 2d, was severely injured when defendant's passenger train struck him while he was riding a trail bike across a trestle constructed on defendant's private property in Delaware. The trestle carried three parallel tracks across a creekbed.

Plaintiff first argues that the trial judge erred in refusing to instruct

the jury on the doctrine of sudden emergency. Defendant raises several defenses to this contention and one is decisive. Despite the possibilities suggested by plaintiff's counsel, we agree with defendant that there appears on the record no credible evidence that plaintiff was at any time aware that an emergency existed. Absent such evidence, the requested instruction was properly refused.

Next, plaintiff challenges, as contrary to the applicable Delaware law, the last clear chance instruction given by the trial judge. According to plaintiff, "under the charge . . ., the engineman . . . would have no duty of care until he actually saw a trespasser." Plaintiff contends that "Delaware Courts would adopt a rule [requiring] a higher duty of care on the part of a railroad owner toward a trespasser." Specifically, plaintiff points to the Delaware Supreme Court's decision in Tompkins v. Baltimore & Ohio Rr. Co., 7 Terry 156, 46 Del. 156, 81 A.2d 288 (1951). That case involved an accident at a railroad crossing gate. And, although the court held that the doctrine of last clear chance was not applicable under such circumstances, the opinion stated in dictum that the situation was:

> "clearly distinguishable from the type of situation wherein the injured party is already in a position of peril and thereafter the injuring party becomes, *or in the exercise of ordinary care ought to have become,* aware that the party in peril either reasonably cannot escape from it or apparently will not avail himself of the opportunities open to him for doing so." (Emphasis plaintiff's).

■ Assuming without deciding that his excerpt reflects the law of Delaware here controlling, we cannot agree with plaintiff that it differs substantially from the charge here given by the district judge. Indeed, the court's instruction closely paralleled the language in *Tompkins*. Whether one adopts the rule expressed in *Tompkins* or the court's charge in this case, the engineer had no duty of care as to plaintiff until in fact the engineer realized plaintiff's presence. Also, neither imposed a duty on the engineer to use reasonable care to avoid injury to plaintiff until, as phrased by the district court's instructions, the engineer "saw [plaintiff] and appreciated and should have appreciated his inescapable peril . . . [or] realized or had reason to realize that plaintiff was inattentive and therefore unlikely to recover from his danger. . . ." Cf. Tompkins v. Baltimore & Ohio Rr. Co., supra; accord, Restatement of Torts, 2d, §§ 336, 479. We do not think the court's charge concerning the engineer's duty reasonably to anticipate plaintiff's peril was diluted to any degree by the court's instruction that, upon seeing plaintiff, the engineer was entitled to assume initially that plaintiff was attentive to his surroundings and the possibility of oncoming trains and that he would respond to the warning whistle by moving away from the train's direct path. Cf. Restatement of Torts, 2d § 336 & Illus. 3.

■ Plaintiff also attacks the court's charge on contributory negligence. We find no error in the charge in light of the evidence presented. And, as for plaintiff's final argument that the weight of the entire charge unduly prejudiced the jury in defendant's favor, we feel that the ameliorative instruction given by the court sufficiently negated any possible prejudice to plaintiff. The court instructed the jury to the effect that any imbalance they might perceive in the charge was simply to be disregarded and that the court intended no indication as to its own opinion on the merits.

The judgment of the district court will be affirmed.