IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIK GRANDELLI, | § | |
| | § | No. 506, 2013 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | Cr. ID No. 1206017104 |
| Appellee. | § | |

Submitted: June 27, 2014[1]
Decided: September 19, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 19th day of September 2014, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)  The appellant, Erik Grandelli ("Grandelli"), filed this appeal from his conviction and sentencing in the Superior Court on his second violation of probation ("VOP").  The background of this matter is as follows.

(2)  On September 12, 2012, Grandelli pled guilty to Driving under the Influence (Fourth Offense).  The Superior Court sentenced Grandelli to five years

---

[1] On September 17, 2014, at the Clerk's request, the Prothonotary submitted several Superior Court filings relevant to this appeal but inadvertently not included in the record filed on January 24, 2014.

at Level V suspended after six months for eighteen months at Level III probation with "zero tolerance for alcohol" use.

(3)     On April 18, 2013, Grandelli was charged with his first VOP. The violation report alleged that, during a home visit on April 11, 2013, Grandelli took a breathalyzer test that registered a blood alcohol content of .202% in violation of the "zero tolerance for alcohol" condition of his sentence.

(4)     On April 25, 2013, the Superior Court found Grandelli guilty of VOP and resentenced him to four years and four months at Level V suspended for eighteen months at Level III probation. The court reimposed the "zero tolerance for alcohol" condition and added a new condition that Grandelli be monitored with a transdermal alcohol device ("TAD") to detect any alcohol consumption.

(5)     On June 20, 2013, Grandelli was charged with his second VOP. The violation report alleged that, on June 17, 2013, Grandelli's TAD detected a "drinking event" that was confirmed on June 18, 2013. On September 5, 2013, the Superior Court found Grandelli guilty of VOP and resentenced him to four years at Level V suspended after successful completion of the Reflections Program for one year at Level III probation. The court also reimposed the "zero tolerance" and TAD monitoring conditions. This appeal followed.

(6)     On appeal, Grandelli claims that his second VOP conviction should be overturned because one of the State's witnesses "withheld key evidence" and "was

2

biased [and] clearly presented a conflict of interest." Also, Grandelli claims that the Superior Court abused its discretion "by not considering the 'preponderance of evidence' [and by] passing judgment with a closed mind."

(7) At the VOP hearing, David Smith, Grandelli's probation officer, testified that he and another officer, in conjunction with BI Incorporated (hereinafter "BI"), are responsible for installing and overseeing TAD monitoring in Sussex County.[2] Smith explained that a TAD consists of a transmitter that the probationer wears around his ankle, and a receiver that attaches to the probationer's home telephone. According to Smith, information from the transmitter is downloaded into the receiver at regular intervals and sent over the telephone network to a computer at Smith's office. Smith explained that when he receives an email alert of an event indicating that a probationer has consumed alcohol, he does a preliminary review of the scope and duration of the event and then asks BI to analyze the data and confirm whether the event was a drinking event or a false positive.

(8) Smith testified that he received alerts from Grandelli's TAD on June 12 and June 17, 2013. According to Smith, BI concluded that the June 12 event was a false positive, but that the June 17 event was a drinking event. Smith testified that when Grandelli reported to the office on June 19, 2013 for his regular

---

[2] BI Incorporated provides offender monitoring equipment and services.

3

visit, Smith arrested him and charged him with VOP for having consumed alcohol in violation of the "zero tolerance" condition of his sentence.

(9)  Todd Bloemendaal, a BI engineer involved in the development and programming of TADs, testified that a TAD is designed to be calibrated every six months, and that Grandelli's TAD was last calibrated on May 20, 2013, less than a month before the June 17, 2013 alert.  Bloemendaal further testified that, in his opinion, Grandelli's TAD was functioning properly on June 17, 2013.  Finally, using BI-prepared graphs that depicted the data logged from Grandelli's TAD on June 17, 2013, Bloemendaal testified that the data was consistent with a drinking event that started at 4:06 p.m., peaked at 8:01 p.m., and ended at 12:30 a.m. the following morning.

(10)  On cross-examination, Bloemendaal testified about the June 12, 2013 events that were determined to be false positives (hereinafter the "June 12 events").  When asked if he had graphs depicting the data logged from the June 12 events, Bloemendaal stated that he had them on his computer.

(11)  When questioned about his financial interest in BI, Bloemendaal stated that he had applied for a patent for a TAD sensor that could prove profitable for BI if the patent is approved, but he denied that he would make more money from the patent.  Bloemendaal also agreed that if BI's TADs were "somehow declared to be not valid or not reliable" there would be negative financial

4

ramifications for the company, but he denied that he would have a financial setback.[3]

(12) For the defense, Grandelli's mother, Mary Baker, testified that, as of June 17, 2013, Grandelli had been living with her for eight or nine months and was working full-time in construction. According to Baker, on June 17, 2013, after Grandelli's employer drove him home from work around 5:00 p.m., she and her husband ate dinner and watched television with Grandelli until he went to bed around 10:30 p.m. Baker testified that she did not observe Grandelli drinking any alcohol or appearing intoxicated that evening. Grandelli also took the stand and denied drinking alcohol at any time that day and night.

(13) On appeal, Grandelli claims that his VOP conviction should be overturned because Bloemendaal "withheld evidence" when he failed to use graphs when testifying about the June 12 events. It is unclear how Bloemendaal's failure to use graphs constituted a withholding of evidence, and Grandelli does not explain how Bloemendaal's use of graphs when testifying about the June 12 events would have tilted the balance of evidence in his favor. In any event, Bloemendaal's failure to use graphs when testifying about the June 12 events went to the weight of his testimony, not its admissibility, and did not invalidate Grandelli's conviction.[4]

---

[3] Hr'g Tr. at 100 (Sept. 5, 2013).

[4] *Hickman v. Paraq*, 167 A.2d 225, 231 (Del. 1961).

(14) Next, Grandelli claims that his VOP conviction should be overturned because Bloemendaal was biased because he had a financial interest in BI and, therefore, in the success of the State's case. Grandelli's claim is without merit. Rather than invalidating Grandelli's conviction, Bloemendaal's financial interest in BI went to the weight of his testimony, not its admissibility, and was explored thoroughly as a potential source of bias on cross-examination.[5]

(15) Next, Grandelli challenges the admission of the TAD evidence, claiming that the State did not lay a proper foundation for its admission. According to Grandelli, the State was required to demonstrate that the TAD was calibrated both before and after the June 17, 2013 drinking event. His claim is without merit. Bloemendaal testified, generally, that a TAD should be calibrated every six months and did not need to be calibrated after a drinking event. Specifically, Bloemendaal testified that Grandelli's TAD was properly calibrated on May 20, 2013, less than a month before the June 17, 2013 alert. Based on Bloemendaal's expert testimony, there was an adequate evidentiary foundation to admit the TAD evidence.[6]

---

[5] *Harris v. State*, 2009 WL 189162, at \*2 (Del. Jan. 20, 2009) (citing *Weber v. State*, 457 A.2d 674, 680 (Del. 1983)).

[6] *Clawson v. State*, 867 A.2d 187, 191 (Del. 2005); *Harris v. State*, 2014 WL 3888254, at \*3 (Del. Aug. 7, 2014) (citing *Sturgis v. Bayside Health Ass'n Charter*, 942 A.2d 579, 584 (Del. 2007)).

(16)   Next, Grandelli challenges the sufficiency of the State's evidence. According to Grandelli, Baker's testimony, and a letter from his employer detailing a "minute by minute operation" of the work day on June 17, 2013, proved his innocence by a preponderance of the evidence. His claim is without merit. In Delaware, a VOP need only be proven by "some competent evidence" to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[7] In this case, the Superior Court concluded, and we agree, that the State presented sufficient competent evidence to revoke Grandelli's probation.

(17)   Finally, Grandelli claims that the Superior Court judge abused his discretion by "passing judgment with a closed mind" when he did not consider Grandelli's many accomplishments when imposing sentence.[8] Grandelli's claim is without merit. "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[9] In this case, contrary to Grandelli's claim, the record reflects that the judge listened to Grandelli's version of the events on June 17,

---

[7] *Rivera v. State*, 2014 WL 2093709, at *3 (Del. May 15, 2014) (citing *Brown v. State*, 249 A.2d 269, 272 (Del. 1968)).

[8] Grandelli submits that he successfully completed a DUI program during his incarceration, and that, on probation, he enrolled in an outpatient drug and alcohol counseling program with mandatory AA meetings, obtained full-time employment, completed all of the hours of community service, paid nearly half of the $5,700 fine imposed on his original conviction, made all of his weekly visits to his probation officer, and always had clean urine screens.

[9] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

2013, and permitted Grandelli to testify about his accomplishments. Indeed, the record reflects that the Superior Court has been tremendously patient with Grandelli, in the face of his long-standing performance of extremely dangerous conduct toward his fellow citizens and his continuing failure to refrain from alcohol use. The Superior Court would have been well within its discretion to sanction Grandelli far more harshly than it did, given the record.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice